J-S16011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                PENNSYLVANIA
:
v.                                   :
:
:
:
ROBERT STEVEN HUTCHINSON           :
:
Appellant                :   No. 1842 MDA 2018

Appeal from the Judgment of Sentence Entered September 27, 2018
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0000659-2017

BEFORE:  OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                          **FILED JULY 03, 2019**

Robert Steven Hutchinson appeals from the judgment of sentence imposed September 27, 2018, in the Berks County Court of Common Pleas, made final by the denial of post-sentence motions on October 10, 2018.  On September 26, 2018, a jury convicted Hutchinson of possession with intent to deliver a controlled substance ("PWID"), possession of a controlled substance (heroin), and possession of a small amount of marijuana.[1]  The court subsequently sentenced Hutchinson to a term of three to 20 years' incercation.  On appeal, Hutchinson raises weight of the evidence and discretionary aspects of sentencing claims.  For the reasons below, we affirm the judgment of sentence.

_____

[1] **See** 35 Pa.C.S. §§ 780(a)(30), (a)(16), and (a)(31)(i), respectively.

The trial court set forth the findings of facts as follows:

On January 21, 2017 at 2:30 a.m., Officer Daniel White ("Officer White"), a police officer of the City of Reading Police Department, was on patrol in a marked police vehicle. At that time, Officer White received radio transmission that a possible fight was in progress at a bar located at the corner of 7th and Pine Street. Officer White in his marked vehicle, headed to 7th and Pine Street.

When Officer White arrived at the vicinity of the bar, he noticed that a crowd was dispersing. While Officer White was driving south in the block, a male, who later was identified as Robert Hutchinson …, was walking down the sidewalk, made eye contact with Officer White. As soon as [Hutchinson] made eye contact with Officer White, [Hutchinson] reached his hand into the front of his pants. Officer White, based on his experience and training as a police officer, suspected [Hutchinson] was reaching for a weapon. Officer White then exited the patrol vehicle in search of [Hutchinson] and located [him] on the sidewalk. After [Hutchinson] noticed Officer White, [he] turned around and began to quickly walk away from the officer. Officer White pulled his weapon suspecting that [Hutchinson] was armed when he noticed [Hutchinson] still had his hand inside the front of his pants.

Officer White was 10 to 15 feet away from [Hutchinson] and the city lights were on, when he observed [Hutchinson] pulling out a clear plastic bag from his pants and throwing off the bag to the side which landed in between the sidewalk and a parked vehicle. Officer White observed that multiple small white bundles were inside the plastic bag when [Hutchinson] discarded the clear plastic bag. Due to the way of packaging, Officer White suspected the plastic bag to contain a controlled substance. Officer White immediately proceeded near to the area where the clear plastic bag landed to confirm what he had seen. Then Officer White called out to other officers on site to stop [Hutchinson], and soon [Hutchinson] was detained by the officers.

Officer White asked [Hutchinson] if he had anything to tell the officer but [Hutchinson] responded "no". After Officer White searched [Hutchinson], a bag of green vegetable matter, what later was determined as marijuana, was found in the rear pocket of [Hutchinson]'s pants. Inside the bag, there were four smaller individually packed marijuana bags. Also, $90 in cash was found

- 2 -

in the front pocket of [Hutchinson]'s pants. A cellphone was also recovered from [Hutchinson]'s person. Officer White, after chain of custody was established, later retrieved the clear plastic bag [Hutchinson] discarded. Inside the clear plastic bag, there were 10 bundles of 10 individual baggies of white substance which later were determined as Heroin.

At trial, Criminal Investigator Brian Errington ("Investigator Errington"), an expert in the field of illegal drugs and drug investigations, expressed his opinion that the 10 bundles which were discarded by [Hutchinson] at the scene were possessed with the intent to deliver. Investigator Errington's opinion was based on factors such as the amount of heroin, lack of paraphernalia, $90 cash found in [Hutchinson]'s person, [Hutchinson] carrying the heroin shoved inside his pants, and [Hutchinson] carrying a cell phone. Investigator Errington testified that collectively considering all these factors led him to the conclusion that the 10 bundles were possessed with the intent to deliver.

Trial Court Opinion, 12/4/2018, at unnumbered 2-3 (record citations omitted).

Hutchinson was charged with offenses relating to the incident and the matter proceeded to a one-day jury trial on September 26, 2018. The jury found him guilty of PWID and possession of a controlled substance. Separately, the court, sitting as the fact-finder, convicted him of possession of a small amount of marijuana. The following day, the trial court sentenced Hutchinson to a term of three to 20 years' incarceration for the PWID conviction and a fine of $300.00 for the small amount of marijuana offense.[2]

_____

[2] The possession of a controlled substance conviction merged with PWID for sentencing purposes.

On October 9, 2018, Hutchinson filed a post-sentence motion[3] challenging the weight of the evidence regarding the PWID conviction and seeking modification of his sentence as excessive and contrary to the sentencing code. The court denied Hutchinson's motion on October 10, 2018. This timely appeal followed.[4]

Hutchinson's first issue on appeal challenges the weight of the evidence supporting his conviction for PWID.[5] **See** Hutchinson's Brief at 21. Specifically, he states:

> At trial, CI Errington was permitted to testify as an expert in the field of illegal drugs and drug investigation and opined that [Hutchinson] possessed the intent to deliver based on the testimony presented at trial. A review of the factors cited by CI Errington present only ambiguous proof of this assertion and certainly not proof beyond a reasonable doubt. These factors included 1) the amount, 2) the lack of paraphernalia, 3) the manner in which the drugs were carried, 4) the presence of a cell phone, and 5) the $90 cash found on [Hutchinson]. CI Errington['s] testimony was both internally inconsistent and relied upon factors that carry little, if any, weight.

---

[3] The post-sentence motion was timely filed as the 10th day fell on a weekend and the following Monday was a national holiday. **See** 18 Pa.C.S. § 1908; Hutchinson's Brief at 6 n.5.

[4] On November 8, 2018, the trial court ordered Hutchinson to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Hutchinson filed a concise statement on November 27, 2018. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 4, 2018.

[5] Hutchinson properly preserved his weight claim in a post-sentence motion. **See** Pa.R.Crim.P. 607(A)(3).

Hutchinson's Brief at 22-23. Furthermore, he alleges two of the factors relied upon by CI Errington, "the manner in which the drugs were carried and the possession of $90[.00], were essentially reiterations of factors that had already been cited and testified about at length" with respect to the amount of drugs and the lack of drug paraphernalia. *Id.* at 23. Hutchinson states:

> For example, CI Errington testified that a "[t]ypical user will not carry their heroin or dope in their pants, stuffed down away, unless they see a police officer, then they hide it real quick. Typical user will keep it readily accessible in a pocket right with their kit." Not only does CI Errington's explanation [] not make a great deal of sense or explain how shoving one's drugs down one's pants makes them not readily accessible, it provided little substance aside from merely reiterating and highlighting the lack of paraphernalia. A review of the record shows that this factor was largely viewed in conjunction with the lack of paraphernalia, as CI Errington seemed to focus [on] the fact that [Hutchinson] did not possess a "kit" for a second time. Furthermore, CI Errington's own testimony stated that a typical user may carry their drugs in this manner if they saw a police officer, which essentially mirrors the circumstances about which Officer White testified.
>
> CI Errington also relied on the fact that $90[.00] was found on [Hutchinson] at the time of his arrest. However, he stated that this factor is "viewed in conjunction with the amount of heroin." It is quite obvious that this relatively small amount of cash is not indicative of drugs sales and should be given little weight despite the expert testimony.

*Id.* at 23-24 (record citations omitted). Additionally, Hutchinson contends:

> The final factor, the presence of a cell phone, does absolutely nothing to show that [Hutchinson] possessed heroin with intent to deliver. Obviously, cell phones are prevalent in today's society and to give this factor any weight at all ignores this reality. In fact, CI Errington largely recognized the limited probative value [of] this in his testimony.

Furthermore, the search conducted on [Hutchinson]'s cell phone turned up little evidence of heroin dealing aside from a handful of vague references and use of the term "dub." The cell phone dump did not result in the amount or type of evidence one would expect to find in the phone of a drug dealer. Furthermore, CI Errington conceded that the alleged 'drug talk' was so minimal that he did not rely on it in forming his opinion.

*Id.* at 25 (record citations omitted). Lastly, he argues:

The expert opinion rendered by CI Errington was internally inconsistent and failed to explain how the lack of paraphernalia related to the marijuana found on [Hutchinson]. [He] was charged with possession of two controlled substances, heroin and marijuana. Both substances were allegedly possessed by [Hutchinson] and both were packaged in multiple bags that appeared to contain the same measured amount. However, [Hutchinson] was only charged and convicted of possession with intent to deliver heroin.

*Id.* at 26.

Our review of a challenge to the weight of the evidence supporting the

verdict is well-settled

When reviewing a challenge to the weight of the evidence, we review "the trial court's exercise of discretion." **Commonwealth v. Johnson**, 2018 PA Super 193, 192 A.3d 1149, 1152-53 (Pa. Super. 2018) (citing **Commonwealth v. Hicks**, 151 A.3d 216, 223, 2016 PA Super 257 (Pa. Super. 2016)). A reversal of a verdict is not necessary "unless it is so contrary to the evidence as to shock one's sense of justice." **Id.** at 1153. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses." **Commonwealth v. Cramer**, 2018 PA Super 248, 195 A.3d 594, 600 (Pa. Super. 2018) (citation omitted). The fact-finder also has the responsibility of "resolving contradictory testimony and questions of credibility." **Id.** (citation omitted). We give great deference to the trial court's decision regarding a weight of the evidence claim because it "had the opportunity to hear and see the evidence presented." **Id.** (citation omitted).

***Commonwealth v. Roane***, 204 A.3d 998, 1001 (Pa. Super. 2019).

Here, the trial court found the following:

Here, [Hutchinson] misapplies the standard, as the question is not if there are inconsistencies in the evidence and if the records support a possibility that [Hutchinson] did not have the intent to deliver Heroin. Investigator Errington specifically noted specifically five factors, amount of heroin, lack of paraphernalia, $90 cash found in [Hutchinson]'s person, [Hutchinson] carrying the heroin shoved inside his pants, and [Hutchinson] carrying a cell phone in reaching his opinion of [Hutchinson] having the intent to deliver Heroin. Whether the jury considered all five factors indicative of intent to deliver or only part of them is unknown. However, it is clear from the record that the jury had reason to believe [Hutchinson] discarded a large bag which contained 100 small packets of heroin which were worth $1000. Those packets were all individually packaged and [Hutchinson] did not have paraphernalia in person at the time of the search and arrest. Also, there were multiple facts provided by Investigator Errington in the record that suggested [Hutchinson] possessed Heroin with intent to deliver rather than personal use. Therefore, the jury's verdict finding [Hutchinson] guilty of Possession of Heroin with Intent to Deliver is supported by clear evidence and therefore this Court did not abuse its discretion in denying the motion.

Trial Court Opinion, 12/4/2018, at unnumbered 4-5.

Bearing in mind our standard of review, we agree with the court's sound rationale and find Hutchinson has failed to establish the trial court abused its discretion in denying his challenge to the weight of the evidence. ***See Roane***, ***supra***. While Hutchinson attempts to discredit CI Errington's expert opinion by attacking some of the factors he used to form his opinion with Hutchinson's own explanation for the legitimate presence, or lack thereof, of these items, the expert witness testified that all of the five factors, "collectively [led him] to render the decision these [ten] bundles were possessed with the intent to

deliver." N.T., 9/26/2018, at 101. The jury, sitting as the fact-finder, was "free to believe all, none or some of the evidence and to determine the credibility" of the witness. *Cramer*, 195 A.3d at 600. As the trial court indicated in its opinion, the evidence presented at trial demonstrated that after making eye contact with the investigating officer, Hutchinson discarded a large bag, which contained 100 small packets of heroin with a street value of $1,000.00. The packets were all individually packaged and Hutchinson did not possess any drug paraphernalia on his person to suggest personal use. Accordingly, we conclude Hutchinson failed to demonstrate the trial court abused its discretion in denying his weight of the evidence challenge.

Next, Hutchinson claims the court "erred and abused its discretion when it imposed a sentence that was greater than that which was necessary for protection of the public, the gravity of the offense as it related to the impact on[] the life of the victim and on the community, and the rehabilitative needs of [Hutchinson]" as set forth in 42 Pa.C.S. § 9721(b). Hutchinson's Brief at 28.

Hutchinson's second issue concerns a challenge to the discretionary aspects of his sentence, and, accordingly, is not appealable as of right, but "must be considered a petition for permission to appeal." *Commonwealth v. Best*, 120 A.3d 329, 348 (Pa. Super. 2015) (quotation omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved [the] issue; (3) whether Appellant's brief includes a concise

statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Hutchinson complied with the procedural requirements for this appeal by filing a timely post-sentence motion for modification of sentence, and subsequent notice of appeal, and by including in his appellate brief a statement of reasons relied upon for appeal pursuant to *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f). [6] Therefore, we

_____

[6] Additionally, in his brief, Hutchinson contends:

> [The trial court] abused its discretion when it imposed an aggravated range sentence which was greater than necessary for protection of the public, the gravity of the offense as it related to its impact on the community, and the rehabilitative needs of [Hutchinson]. In doing so, the court relied on impermissible factors to support its imposition of a sentence outside of the standard guideline range and in the aggravated range. Specifically, [Hutchinson] believes the lower court erred by "double counting" his prior record, resulting in an excessive sentence which is inconsistent with the Sentencing Code.

Hutchinson's Brief at 30. A review of the record reveals that he did not raise a "double counting" argument at sentencing, in his post-sentence motion, or in his concise statement. Accordingly, he has waived this part of his argument. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) ("To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal.") (citations omitted); *see also* Pa.R.A.P. 1925(b)(4)(vii).

- 9 -

must determine whether he has raised a substantial question justifying our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted). Here, Hutchinson alleges the trial court failed to adequately consider the factors set forth in Section 9721(b). An allegation that the court failed to consider the "relevant sentencing criteria" set forth in Section 9721(b) raises a substantial question for our review. **Commonwealth v. Riggs**, 63 A.3d 780, 786 (Pa. Super. 2012), *appeal denied*, 63 A.3d 776 (Pa. 2013). Accordingly, we find Hutchinson has raised a substantial question for our review.

The standard of review for a claim challenging a discretionary aspect of sentencing is well-established:

> Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Sheller**, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

- 10 -

Moreover, pursuant to 42 Pa.C.S. § 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Additionally, "the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* The record in toto "must reflect the [trial] court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010).[7] "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert denied*, 545 U.S. 1148 (2005).

A review of the record reveals the following. The trial court had the benefit of the pre-sentence investigation as well as an update regarding Hutchinson's prior record score. ***See*** N.T., 9/27/2018, at 2-3. At the time of sentencing, Hutchinson had a prior record score of five, and the offense

---

[7] A trial court "need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question[.]" ***Crump***, 995 A.2d at 1283.

- 11 -

gravity score for the PWID conviction was seven. *Id.* at 4. The applicable sentencing guidelines provide that the standard range for such an offense is 24 to 30 months, an upward deviation of six months for the aggravated range, and downward deviation of six months for the mitigated range. *Id.* at 5. The Commonwealth noted:

> According to the P.S.I., going all the way back to 2003, [Hutchinson] was sentenced to state prison for selling drugs. That did not deter his criminal conduct because he was then convicted in the federal system for distribution of crack cocaine. He was sentenced to federal prison and a term of supervised release. And the federal prison sentence and the federal period of supervised release did not deter [Hutchinson]'s criminal conduct. It seems that nothing will stop him from selling drugs except a lengthy period of incarceration. Certainly, the fact that he was on supervised release at the time he committed this new offense, in the Commonwealth's view, is an aggravating factor.
>
> [Hutchinson], according to his statement to Officer White as indicated in the probable cause, was that he was unemployed at the time. That leads the Commonwealth to believe, as well as his prior lengthy prior record, this is how he makes his money. He's a drug dealer, and he's been a drug dealer for 15 years or better.

*Id.*

The court also heard from defense counsel who stated that Hutchinson had been working for approximately six months, he has a family, and he had not gotten into any trouble since the arrest. *Id.* at 7. Hutchinson also spoke at the sentencing:

> [S]ince I've been out of incarceration in federal prison, I've been doing the right thing. I'm saying to you that I'm honest-living. I was innocent that night. I've been working. The night of that arrest, I was collecting unemployment. I'd been working on the union. I just got a new job back in May working for Provantage Corporation, working my way up to be a supervisor. I have 3 kids,

an … 8-year-old, 11-year-old, 7-month-old. And honest to God, I changed my life around when I got sentenced [in] 2010. I'm not a drug dealer. I was just at the wrong place at the wrong time. And since I've been out on bail, I've been coming up to court. I'm not a flight risk.

*Id.* at 8-9.

At the conclusion of the hearing, the court set forth its rationale:

It is difficult to argue with [the Commonwealth's] analysis of the fact that this is how you have been making your living for a very long time. Time that you weren't getting in trouble, it appears those were times when you were imprisoned for doing this drug selling. And it appears in this particular case relatively soon after being released from federal custody and while still under federal supervision, you went right back to selling drugs.

…

I'm taking into account the fact that [Hutchinson] took the stand in his own defense, which is, of course, his absolute right under our law, and he testified in such a way as to, in effect, although he never used the term, accused the police officers in the case of committing perjury. Contrary to that, of course, the jury found that [Hutchinson] is the one who was speaking untruths in his testimony, and a defendant's mendacity, under these circumstances, is something that the Court may take into account; and I will.

[Hutchinson]'s history here of over 15 years of drug dealing is also something I'm taking into account because the prior record score does not reflect that. That only reflects various levels of previous convictions.

I will, for those reasons, since it appears the only way to prevent [Hutchinson] from this conduct is to incarcerate him, I will sentence [Hutchinson] as follows at No. 659 of 2017, Count 1, [he] is committed for a period of not less than 3 nor more than 20 years to the Bureau of Corrections. He is RRRI eligible, and his minimum is 27 months.

…

- 13 -

At Count 3, [Hutchinson] is sentenced to pay a fine in the amount of $300[.00] and costs.

*Id.* at 9-11.

In the Rule 1925(a) opinion, the trial court found the following:

[Hutchinson] frivolously avers this Court erred and abused its discretion in imposing a sentence that was greater than that which was necessary for protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the [d]efendant.

Here, [Hutchinson] fails to address any specific facts to the issue raised but rather states a mere conclusion of law. This Court specifically took notice of [Hutchinson]'s willingness to offer perjured testimony at trial and [Hutchinson]'s prior record of drug dealing starting back 15 years.

This court also addressed that only incarceration of [Hutchinson] would deter [him] from drug dealing conduct. Only after taking the above factors in to [sic] account, this Court imposed sentence. Therefore, this Court did not abuse its discretion as the sentencing was not a result of a manifestly unreasonable decision.

Trial Court Opinion, 12/4/2018, at unnumbered 5-6.

Based upon our standard of review, we conclude the trial court did not abuse its discretion with regard to Hutchinson's sentence. Contrary to Hutchinson's argument, it is evident from the sentencing hearing and the Rule 1925(a) opinion that the court did indeed consider the required factors under Section 9721(b). Moreover, the court acknowledged its understanding of the sentencing guidelines, and articulated a sufficient statement of reasons for sentencing as it did. Therefore, Hutchinson's discretionary sentencing claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/3/2019