J-S44004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ERNEST CHAMBERS :
:
Appellant : No. 787 WDA 2018

Appeal from the Judgment of Sentence April 25, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012980-2014

BEFORE: SHOGAN, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 12, 2019**

Appellant, Ernest Chambers, appeals from the judgment of sentence

entered on April 25, 2018, following the revocation of his probation. After

review, we affirm.

On February 11, 2015, Appellant entered an open guilty plea at trial

court docket number 12980-2014. N.T., 2/11/15, at 2. Appellant pleaded

guilty to one count each of: flight to avoid apprehension, trial or punishment;

fleeing or attempting to elude police officers; false reports to law enforcement

authorities; accidents involving damage to attended vehicle or property; and

driving while operating privilege is suspended or revoked.[1] *Id.* at 2-5. The

trial court sentenced Appellant to concurrent terms of eleven and one-half to

_____

[1] 18 Pa.C.S. § 5126 (a), 75 Pa.C.S. § 3733, 18 Pa.C.S. § 4906 (a), 75 Pa.C.S.
§ 3743, and 75 Pa.C.S. § 1543, respectively.

twenty-three months of incarceration, followed by three months of probation, on the charges of flight to avoid apprehension and fleeing or attempting to elude police officers.[2]  Sentencing Order, 2/11/15.  The trial court imposed no further penalty on the remaining charges.  ***Id.***

While serving the concurrent probationary terms of his sentences at trial court docket number 12980-2014, Appellant was charged with and pleaded guilty to robbery in Westmoreland County.  N.T., 4/25/18, at 6.  As a result of the robbery conviction, the trial court held a violation of probation hearing on April 25, 2018.  The trial court revoked Appellant's probation at trial court docket number 12980-2014, and it resentenced Appellant to concurrent terms of two and one-half to five years of incarceration.  ***Id.*** at 11-12.  On May 4, 2018, Appellant filed a timely post-sentence motion that the trial court denied on May 8, 2018.  Appellant filed a timely notice of appeal, and both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue for this Court's consideration:

> In revoking and re-sentencing [Appellant] to an aggregate sentence of 2½-5 years' total state confinement, whether the trial court abused its sentencing discretion by ignoring the gravity of [Appellant's] offense as it related to the impact on the life of the victim and on the community, and the rehabilitative needs of [Appellant], in violation of 42 Pa.C.S.A. § 9721(b)?

---

[2] Flight to avoid apprehension and fleeing or attempting to elude police officers were both graded as felonies of the third degree.  Sentencing Order, 2/11/15.

Appellant's Brief at 6.

Appellant's issue presents a challenge to the discretionary aspects of his sentence, and it is well settled that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). When an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 708; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170. Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

Here, the first three requirements of the four-part test are met: Appellant filed a timely appeal; Appellant preserved the issue in his post-sentence motion; and Appellant included a statement raising this issue in his brief pursuant to Rule 2119(f). **Moury**, 992 A.2d at 170. Therefore, we must determine whether Appellant has raised a substantial question.

In order to determine whether Appellant has raised a substantial question, we examine the Rule 2119(f) statement. **Commonwealth v. Ahmad**, 961 A.2d 884, 886-887 (Pa. Super. 2008). Allowance of appeal will be permitted only when the appellate court determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code.[3] **Commonwealth v. Hartle**, 894 A.2d 800, 805 (Pa. Super. 2006). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. **Id**.

In his Pa.R.A.P. 2119(f) statement, Appellant asserts that the trial court abused its discretion by imposing an excessive sentence by resentencing him to a period of incarceration of two and one-half to five years of incarceration but failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense, and the rehabilitative needs of Appellant pursuant to 42 Pa.C.S. § 9721(b). Appellant's Brief at 22, 25. A

---

[3] 42 Pa.C.S. § 9701 *et seq*.

claim that the sentencing court failed to consider the factors set forth in Section 9721(b) in conjunction with an assertion that the sentence imposed was manifestly excessive raises a substantial question. *Commonwealth v. Roane*, 204 A.3d 998, 1002-1003 (Pa. Super. 2019). Because we conclude that Appellant has presented a substantial question, we proceed with our analysis.

When reviewing the probation-revocation proceedings, this Court is limited to determining the validity of the proceedings, the legality of the sentence, and the discretionary aspects of the sentence imposed. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1033-1034 (Pa. Super. 2013) (explaining that, notwithstanding prior decisions which stated our scope of review in revocation proceedings is limited to the validity of the revocation proceedings and the legality of sentence, this Court's scope of review on appeal from revocation sentencing also includes challenges to the discretionary aspects of the sentence imposed). "[T]he revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006).

Additionally, when imposing a sentence following the revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time it ordered the probationary sentence.

*Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000); 42 Pa.C.S. § 9771(b). Once probation has been revoked, a sentence of total confinement may be imposed if "(1) the defendant has been convicted of another crime[.]" 42 Pa.C.S. § 9771(c)(1); *Fish*, 752 A.2d at 923.

Furthermore, because the Sentencing Guidelines do not apply to sentences imposed following the revocation of probation,[4] we are guided by the provisions of 42 Pa.C.S. § 9721, which provide the general standards that a court is to apply in sentencing a defendant. *Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006).

> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant, and it must impose an individualized sentence. The sentence should be based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and the defendant's needs for rehabilitation.

*Id.* In addition, in all cases where the court "resentences an offender following revocation of probation, county intermediate punishment or state intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b). Guided by these standards, we must determine whether the court abused its discretion by imposing a "manifestly excessive"

---

[4] 204 Pa. Code § 303.1.

sentence that constitutes "too severe a punishment." ***Ferguson***, 893 A.2d at 739. Moreover, this Court has explained that when the "sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court 'was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors.'" ***Moury***, 992 A.2d at 171.

In its Pa.R.A.P. 1925(a) opinion, the trial court addressed Appellant's issue as follows:

> In the sole issue raised by [Appellant] on appeal he contends that it was an abuse of discretion in imposing the concurrent sentences of 2½ to 5 years [of] confinement at his probation violation hearing because the sentences ignore the gravity of the offense as it relates to the impact on the life of the victim and on the community and the rehabilitative needs of [Appellant], factors that are required to be considered in imposing a sentence as required by 42 Pa.C.S.A. §9721 which provides, in pertinent part, as follows:
>
>> "In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the [Appellant]." 42 Pa. C.S.A. § 9721 (b)[.]
>
> The record in this case establishes that [Appellant] has an extensive hi[s]tory of criminal offenses beginning in 1999. This history is discussed in detail in presentence reports of March 22, 2016 and April 11, 2018 which reflect [Appellant's] convictions in 1999, 2003, 2006 and 2014. When a presentence report is obtained it is presumed that the sentencing court reviewed and considered the report and weighed all relevant factors in fashioning the [Appellant's] sentence. *Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa.Super.2006).

- 7 -

The offenses for which [Appellant] has been convicted include charges of possession and possession with intent to deliver controlled substances; possession of drug paraphernalia; false identification to authorities; resisting arrest; repeated offenses related to driving while operating privileges suspended or revoked; and driving unregistered vehicles. [Appellant] was also convicted of burglary, recklessly endangering another person and theft by unlawful taking related to a home invasion in Westmoreland County, Pennsylvania. In addition, the evidence at the probation violation hearing establishes repeated and continued failure to abide by conditions of probation which include fleeing rehabilitation facilities and repeated failures of drug tests. The presentence report of March 22, 2016 describes that [Appellant] was "not amendable to supervision and was in non-compliance of almost every rule that he had in place under the [Appellant's] supervision plan." (Presentence Report 3/22/16, p. 5) It was also noted that [Appellant] was not reporting as directed and was found not to be living at his listed address and continually missing curfews. It was noted that he was given "chances to take advantage of treatment" but numerous attempts to help the [Appellant] were to "no avail". (Presentence Report 3/22/16, p. 5)[.]

In this case the factors set forth in the sentencing code were properly considered. The facts surrounding the offense indicate that [Appellant] was driving without a license and when stopped by the police provided false information. [Appellant] then fled, crashing into another vehicle and lead police on a chase that endangered not only the police officers but the community as a whole. As noted above, [Appellant's] conduct is not an isolated event but represents a pattern of repeated criminal conduct that has continued and escalated.

The rehabilitative needs of [Appellant] were specifically considered. Despite the fact that [Appellant] was given numerous opportunities for treatment and rehabilitation through periods of probation, [Appellant] repeatedly ignored and violated the terms of his probation and demonstrated a disregard for outpatient opportunities for treatment and rehabilitation. The record clearly demonstrates that the sentence of incarceration was appropriate not only for the protection of the community as a whole but also to facilitate [Appellant's] long term rehabilitation. Therefore, there

- 8 -

was no abuse of discretion in the sentences imposed on [Appellant].

Trial Court Opinion, 12/19/18, 4-6.

After review, it is undisputed that Appellant violated the terms of his probation by committing new crimes. N.T., 4/25/18, at 6-8. As a result, the trial court had the authority to resentence Appellant to a term of total confinement pursuant to 42 Pa.C.S. § 9771(c)(1). We reiterate that the trial court was permitted to impose any sentence that was available to it at the time of Appellant's original sentencing. *Fish*, 752 A.2d at 923. Appellant's revocation sentence of two and one-half to five years of incarceration at each count on trial court docket number 12980-2014 was within the sentencing parameters available to the trial court when it initially sentenced Appellant. *See* 18 Pa.C.S. § 1103(3) (providing maximum sentence of confinement of seven years for a felony of the third degree).

Moreover, and contrary to Appellant's argument, the trial court did consider the factors set forth in Section 9721, and it stated on the record the reasons for the sentence imposed following the revocation of Appellant's probation. The record reflects that the sentencing court had the benefit of a PSI report and was aware of Appellant's history, rehabilitative needs, and other mitigating factors, including Appellant's family life and employment. N.T., 4/25/18, at 2, 9. The trial court then acknowledged Appellant's repeated failures to abide by the conditions of his prior sentences of probation. *Id.* at 10-11. The trial court stated: "I hear you. You have to look at the record I'm

looking at. You picked up four convictions, walked away from Renewal [community corrections center], were involved in a home invasion, tested positive [for drugs]. After a while, I can only give you so many breaks." ***Id.*** at 13.

The record reflects that the trial court weighed all of these factors in sentencing Appellant, and we discern no merit in Appellant's argument. After review, we conclude that the trial court's resentencing of Appellant to an aggregate term of two and one-half to five years of incarceration, allowing credit for time already served, was not an abuse of discretion. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/2019