J-S70025-18

2019 PA Super 56

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                    :                 PENNSYLVANIA
                    :

             v.                 :
                    :
                    :

RASHAWN ROANE            :
                    :

           Appellant       :     No. 3157 EDA 2017

Appeal from the Judgment of Sentence Entered April 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005123-2013

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

OPINION BY McLAUGHLIN, J.:              **FILED FEBRUARY 22, 2019**

Rashawn Roane appeals from the judgment of sentence entered on April 21, 2017, after a jury convicted him of rape of a child, unlawful restraint of a minor, and indecent assault.[1] Roane challenges the discretionary aspects of his sentence and the weight of the evidence. He also claims that the trial court failed to merge the indecent assault conviction with the rape of a child conviction. We affirm.

Roane was charged for committing sexual acts against his cousin, A.R. At trial, the Commonwealth presented the following evidence. A.R. testified that the sexual assaults began when she was about seven or eight years old; occurred in the summer time; and continued until she was nine years old,

---

[1] 18 Pa.C.S.A. §§ 3121(c), 2902(b)(1), and 3126(a)(7), respectively.

when she finally reported the assaults to her mother. N.T., Trial, 6/24/16, at 48, 57.

A.R. testified to multiple instances of Roane sexual assaulting her. She testified in the summer when she was eight years old, she woke up with her pants down and Roane laying on top of her with his penis in her vagina. Roane jumped off of A.R. when she awoke. *Id.* at 40-45, 48. On another occasion, after A.R. got out of the shower Roane began to tickle A.R. She was undressed at the time. A.R. told him to stop but he ignored her demand and pulled his pants down and again inserted his penis into her vagina. *Id.* at 45-48. The next incident occurred when A.R. was sleeping and again awoke with her pants down and Roane on top of her with his penis in her vagina. *Id.* at 49-50. A.R. also testified that one time while she and Roane were sitting on the couch, he touched her genital area. *Id.* at 50-51. She also testified that the times when Roane would penetrate her vagina with his penis "it hurt, it would sting, it would be watery." *Id.* at 53. Additionally, A.R. testified that during these incidents Roane would force her hands to her side and sometimes punch her on her back. *Id.* at 53-54. The abuse stopped once the victim informed her mother. A.R. testified that she delayed telling her mother because she "didn't want her to feel bad or try to hurt him." *Id.* at 56.

The jury found Roane guilty of the above-referenced crimes. Following the verdicts, the trial court sentenced Roane to ten to 20 years for rape of a child, a consecutive term of ten years reporting probation for unlawful restraint of a minor, and a concurrent term of seven years reporting probation

- 2 -

for indecent assault. Roane filed a post-sentence motion which was denied by operation of law on August 30, 2017. This timely appeal followed.

Roane raises the following issues:

I.     Was not the verdict against the weight of the evidence where the testimony of each witness was so inherently unreliable such that the jury's verdict of guilt was manifestly unreasonable and a new trial should be granted in the interest of justice?

II.    Did not the trial court impose an illegal sentence by failing to merge indecent assault of a complainant less than 13 years of age, 18 Pa.C.S. § 3126(a)(7), with rape of a child, 18 Pa.C.S. § 3121(c)?

III.   Did not the trial court err as a matter of law, abuse its discretion and violate general sentencing principles by imposing a manifestly excessive and unreasonable sentence of 10 to 20 years of incarceration plus 10 years of probation, where [Roane] was 19 years old at the time of the offense and the sentence was in excess of what was necessary to address the gravity of the offense, the protection of the community and [Roane's] rehabilitative needs?

Roane's Br. at 4.

WEIGHT OF EVIDENCE

Roane maintains that the verdicts were against the weight of the evidence because "[n]one of the testifying witnesses could recall any details of times, dates, or what happened during any of the incidents of assault, except for the most generic of descriptions." *Id.* at 16. He argues that since the testimony of the Commonwealth's witnesses was inconsistent, "[t]he jury verdict could only have been based on speculation and conjecture." *Id.* at 19.

When reviewing a challenge to the weight of the evidence, we review "the trial court's exercise of discretion." *Commonwealth v. Johnson*, 192 A.3d 1149, 1152-53 (Pa.Super. 2018) (citing *Commonwealth v. Hicks*, 151 A.2d 216, 223 (Pa.Super. 2016)). A reversal of a verdict is not necessary "unless it is so contrary to the evidence as to shock one's sense of justice." *Id.* at 1153. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Cramer*, 195 A.3d 594, 600 (Pa.Super. 2018) (citation omitted). The fact-finder also has the responsibility of "resolving contradictory testimony and questions of credibility." *Id.* (citation omitted). We give great deference to the trial court's decision regarding a weight of the evidence claim because it "had the opportunity to hear and see the evidence presented." *Id.* (citation omitted).

Here, the victim did not testify to "generic descriptions" of the sexual assault that she endured at the hands of Roane. Rather, she testified in detail as to the multiple occasions that Roane either forced his penis in her vagina or tried to touch her vagina. She described that Roane's penetration of her hurt and stung. While A.R. was not able to give specific dates or times of her assaults, she testified that the abuse occurred when she was between the ages of seven and eight and recalled that the abuse took place in the summer time. Additionally, when a case involves an allegation of sexual abuse, "the Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct."

***Commonwealth v. Brooks***, 7 A.3d 852, 858 (Pa.Super. 2010). Furthermore, while the testimony of the Commonwealth's witnesses may have been inconsistent, the jury as fact-finder, viewing the witnesses and their demeanor, resolved any conflicts and found relevant portions of their testimony credible, which it was free to do. ***Cramer***, 195 A.3d at 600. Roane's challenge to the weight of the evidence fails.

MERGER OF OFFENSES

Next, Roane claims that because "there was only one conviction for one count of each [crime], and the acts underlying the indecent assault conviction are not predicated on any acts separate from the acts of forcible intercourse," the conviction for the rape of a child should have merged with the conviction for indecent assault for sentencing purposes. Roane's Br. at 25.

Merger of offenses is appropriate where: "(1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included in the statutory elements of the other offense." ***Commonwealth v. Crissman***, 195 A.3d 588, 591 (Pa.Super. 2018); ***see also*** 42 Pa.C.S.A. § 9765.[2] "[W]hen an indecent assault conviction is predicated upon an act

---

[2] Section 9765 provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

separate from the act of forcible intercourse, the indecent assault conviction does not merge with a conviction for rape." ***Commonwealth v. Richter***, 676 A.2d 1232, 1236 (Pa.Super. 1996). This rule applies regardless of "whether the act which constitutes indecent assault is committed immediately prior to, or concurrently with the rape." ***Id.***

Here, Roane's conviction for indecent assault was for his actions of touching A.R.'s genital area when they were on the couch together. However, the rape conviction was based on a separate incident in which he inserted his penis in A.R.'s vagina while she was sleeping. Therefore, both convictions were predicated on separate acts. The trial court did not abuse its discretion in concluding that the convictions did not merge.

DISCRETIONARY ASPECTS OF SENTENCE

Roane also challenges the discretionary aspects of his sentence. Before addressing the merits of his claims, we must determine whether: (1) the appeal is timely; (2) the issue was preserved; (3) the brief includes a 2119(f) statement; and (4) a substantial question is raised.[3] ***See Commonwealth v. Edwards***, 194 A.3d 625, 636 (Pa.Super. 2018).

Here, Roane's appeal is timely, he preserved his issues in his post-sentence motion, and he has complied with Rule 2119(f). First, he maintains

---

[3] "An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence." Pa.R.A.P. 2119(f).

that the trial court failed to consider the factors in 42 Pa.C.S.A. § 9721(b). Second, he claims that the trial court imposed a manifestly excessive and unreasonable sentence. Both these claims raise substantial questions. *See* ***Commonwealth v. Derry***, 150 A.3d 987, 995 (Pa.Super. 2016) (finding that claims that court failed to consider factors in Section 9721(b) and imposition of a manifestly excessive sentence raises a substantial question). Therefore, we will now address the merits of his claims.

Section 9721(b) lists factors that a trial court must consider when sentencing a defendant, including "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Roane maintains that the trial court considered "little or none" of the above. However, the record belies Roane's argument.

Prior to sentencing Roane, the trial court stated the following:

Looking at my notes, I recall there were repeated incidents in family homes. There was a strange situation with the grandmother seeing something go on and not saying anything. So, certainly, there was a lack of protection on many levels of the complainant, the repeated abuse, certainly, by the defendant. . . I appreciate what the defense is saying in terms of mitigations, primarily around the mental health issues, which we've heard a lot about today. And, certainly, that can't be denied, that the defendant had profound mental health challenges, which have been well documented over a long period of time. . . But that, certainly, doesn't excuse what we have here, the horror of what happened to this young girl at such a young age, and now she's trying to move on with her life.

N.T., Sentencing, April 21, 2017, at 37-38. The trial court considered the above as well as the Pre-Sentence Investigation (PSI) report and "the severity of these charges, the reprehensible facts, and the repugnant acts that took place concerning the young complainant." *Id.* at 26, 39. Thus, the record supports that the trial court considered the relevant factors of Section 9721(b) and that Roane's sentence was not manifestly excessive or unreasonable. Therefore, we conclude that this claim is meritless and no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/19