J-S20022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM ANDREW MURRAY | : | |
| | : | |
| Appellant | : | No. 1209 WDA 2018 |

Appeal from the Judgment of Sentence Entered January 30, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008646-2017

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 05, 2019**

William Andrew Murray appeals from the judgment of sentence imposed following his convictions for Involuntary Deviate Sexual Intercourse ("IDSI")[1] and related charges. Murray contends the verdict is contrary to the weight of the evidence and that the trial court erred in denying his request for a "false in one, false in all" jury instruction. We affirm on those issues. However, because Murray's sentencing order included compliance with the requirements of the Sex Offender Registration and Notification Act ("SORNA"),[2] and his offenses occurred before SORNA's effective date, we vacate that portion of Murray's judgment of sentence and remand.

---

[1] 18 Pa.C.S.A. §§ 3123(a)(1).

[2] *See* 42 Pa.C.S.A. §§ 9799.10-9799.42. As discussed below, these sections of SORNA have since been amended.

As the trial court thoroughly recounted the evidence presented at trial in its Rule 1925(a) opinion, we will not restate it here at length. ***See*** Trial Court Opinion, filed November 20, 2018, at 3-5. In short, B.G. testified at Murray's jury trial that in approximately March and October of 2012, when B.G. was seven and eight years old, Murray, who was B.G.'s neighbor, sexually assaulted him twice. After the close of evidence, the court denied Murray's motion to include the standard "false in one, false in all" jury instruction when charging the jury. Following deliberations, the jury convicted Murray of two counts of IDSI/forcible compulsion and one count each of unlawful contact with a minor, unlawful restraint of a minor, false imprisonment of a minor, indecent assault of a person less than 13 years of age, corruption of minors, corruption of minors by sexual offenses, and terroristic threats.[3]

The court sentenced Murray on January 30, 2018, to serve an aggregate of 12 to 24 years' incarceration. The sentencing order stated that Murray was subject to lifetime registration under SORNA. Murray filed a post-sentence motion challenging the weight of the evidence, which was denied by operation of law.

Murray appealed, and raises the following:

1. Whether the verdict was against the weight of the evidence to convict Mr. Murray of IDSI – Forcible Compulsion?

---

[3] 18 Pa.C.S.A. §§ 3123(a)(1), 6318(a)(1), 2902(b)(2), 2903(b), 3126(a)(7), 6301(a)(1)(i) and (ii), and 2706(a)(1).

2. Whether the trail court erred when it refused to instruct the jury regarding "false in one, false in all"?

Murray's Br. at 3 (answers below omitted).

## I. Weight of the Evidence

Murray first challenges the weight of the evidence supporting his conviction for IDSI. Murray argues that B.G.'s testimony was not credible because (1) B.G.'s in-court testimony contradicted his forensic interview regarding whether the alleged assaults occurred in Murray's bedroom or living room, and whether Murray had dragged B.G. into the apartment or whether Murray had gone voluntarily; (2) B.G.'s testimony that he was not friends with Murray was contradicted by the testimony of B.G.'s father, who testified that B.G. and Murray would spend time together on Murray's porch and would play catch, go fishing, and ride bicycles together; (3) B.G.'s testimony he could not outrun Murray and that Murray had physically dragged him into his apartment and assaulted him was unbelievable, because B.G. was seven and eight years old at the time of the alleged assaults, while Murray was 58 years old, and because Darlene Walters, Murray's friend, testified that Murray could not engage in any strenuous physical activity, including sex, because of his hernias and diabetes; and (4) B.G. disclosed the alleged abuse to his sister shortly after he got into trouble for sexually assaulting his five-year-old cousin.

It is the responsibility of the jury as the finder of fact to resolve contradictory testimony and questions of credibility, and in doing so the jury is free to believe all, some, or none of the evidence. ***Commonwealth v.***

*Roane*, 204 A.3d 998, 1001 (Pa.Super. 2019). Thus, "[a] trial court may only grant a new trial on a weight claim 'when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.'" *Commonwealth v. Hall*, 199 A.3d 954, 962 (Pa.Super. 2018) (quoting *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013)), *appeal denied*, No. 500 WAL 2018, 2019 WL 1649011 (Pa. Apr. 17, 2019). We give great deference to the trial court's ruling on a weight claim, as the court observed the evidence presented at trial, and will only reverse if the trial court has abused its discretion. *Roane*, 204 A.3d at 1001; *Hall*, 199 A.3d at 962.

In its opinion, the trial court stated that the "jury reasonably found credible the testimony of [B.G.]," who "testified in detail at trial about two specific instances of criminal contact at [Murray's] residence." Tr. Ct. Op. at 5-6. The court also observed that B.G.'s testimony regarding the disclosure of the abuse was corroborated by B.G.'s sister, and that B.G.'s testimony regarding the interior of Murray's apartment was corroborated by a police officer, who testified that the interior could not be seen from the outside. The court also noted the testimony regarding Murray's medical conditions. The court ultimately concluded that the verdict was not shocking to one's sense of justice, as the weight of the evidence supported the conviction. *Id.*

After a review of the record, the briefs, and the relevant law, we conclude that the trial court did not abuse its discretion in denying the weight

claim. We thus affirm on the basis of the opinion of the Honorable Jill E. Rangos, which we adopt and incorporate herein. *See* Tr. Ct. Op. at 5-6.

## II. False in One, False in All

Murray contends the trial court abused its discretion in denying his request to charge the jury on "false in one, false in all." According to Murray, the standard charge on this subject instructs the jury members that they may consider whether a witness deliberately testified falsely about a material point when deciding whether to believe other parts of that witness's testimony.[4] Murray argues that because the court did not give the charge, the jury "was unaware that it was permitted to determine how much weight to assign to [B.G.]'s testimony." Murray's Br. at 16.

"We review jury instructions for a clear abuse of discretion or an error of law." *Hall*, 199 A.3d at 963. "A jury charge is erroneous only if the charge as a whole is inadequate, not clear, or has a tendency to mislead or confuse a material issue." *Id.*

We discern neither an abuse of discretion nor error of law. In its charge to the jury, the court informed the jury members that it was their duty to appraise the credibility of the trial witnesses and the believability of their testimony. The court also instructed the jury that in reconciling any conflicts in the testimony, it could consider whether those conflicts arose from

---

[4] Previously, the charge instructed the jury that if it determined a witness had deliberately lied, it must reject the remainder of that witness's testimony. *Commonwealth v. Vicens-Rodriguez*, 911 A.2d 116, 117 n.3 (Pa.Super. 2006).

intentional falsehoods or innocent mistakes; that the jury may decide "which testimony, if any, to believe;" and that conflicts in testimony "may or may not cause you to disbelieve some or all of the testimony." N.T., Nov. 2-7, 2017 (Trial), at 246-48.

Thus, the court duly instructed the jury that they may consider apparent falsehoods when determining whether to accept or reject the remaining portions of a witness's testimony, and the charge as a whole was not rendered inadequate by the court's decision not to give the redundant "false in one, false in all" instruction. ***See Vicens-Rodriguez***, 911 A.2d at 117-20 (observing that the standard "false in one, false in all" charge is of questionable necessity and holding that failure to give the charge is not reversible error where the overall charge accurately instructs the jury "to consider all relevant factors in considering credibility").

### III. SORNA

The imposition of registration requirements under SORNA implicates the legality of sentence, which we may raise *sua sponte*. ***See Commonwealth v. Lippincott***, 2019 PA Super 118, \*2 n.6 (Apr. 15, 2019). Murray committed the instant offenses prior to the December 20, 2012 effective date of SORNA.[5]

---

[5] The jury did not determine the exact dates the assaults occurred, as the court instructed the jury that it was not bound by the dates listed on the criminal information, and that the exact dates were not determinative of Murray's guilt. ***See*** N.T., 11/2/17-11/7/17, at 258. (The criminal information charged Murray with engaging in criminal conduct "on (or about) Thursday, the 1st day of March, 2012 through Monday, the 1st day of October, 2012."

The application of SORNA, as it existed on the date Murray was sentenced, increased Murray's punishment for those offenses, in violation of the *ex post facto* prohibitions under the state and federal constitutions. **See id.** at *4, *6 (discussing **Commonwealth v. Muniz**, 164 A.3d 1189, 1223 (Pa. 2017), and holding the effective date of SORNA is operative for purposes of an *ex post facto* analysis). Notably, after Murray's sentencing, the General Assembly amended SORNA, adding less stringent registration requirements applicable to those, such as Murray, who committed offenses between April 22, 1996, and December 20, 2012. **See Alston**, 2019 PA Super 178 at *3 (citing 42 Pa.C.S.A. §§ 9799.51-9799.75). We therefore vacate the portion of Murray's judgment of sentence relating to Murray's SORNA reporting requirements and remand for the trial court to issue Murray notice of his registration and reporting obligations under the current version of SORNA.

Judgment of sentence affirmed in part; vacated in part solely as to SORNA reporting requirements; case remanded for further proceedings. Jurisdiction relinquished.

_____

Criminal Information, 8/15/17, at 3.) However, we conclude the evidence established that the assaults occurred prior to the December 20, 2012 effective date of SORNA. B.G. testified that he could not remember exactly when in 2012 the assaults occurred, but that the first occurred before his birthday in May, and the second incident occurred in "the fall" and began while he was outside cutting grass. N.T. at 118, 133. B.G. also stated the incidents occurred six to eight months before he and his family changed residences in early 2013. **Id.** at 125-26, 137. **See also Commonwealth v. Alston**, 2019 PA Super 178 at *3 (June 6, 2019) ("[W]hen an appellant's offenses straddle [December 20, 2012], he is entitled to the lower reporting requirements absent a specific finding of when the offenses related to the convictions actually occurred.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/5/2019