J-S11005-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER OWEN MILLER | : | |
| | : | |
| Appellant | : | No. 1789 WDA 2018 |

Appeal from the Judgment of Sentence Entered October 3, 2018
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002431-2017

BEFORE: NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                FILED SEPTEMBER 24, 2020

Appellant Christopher Owen Miller appeals from the judgment of sentence imposed following his jury trial conviction for failure to register with Pennsylvania State Police under Section 4915.1 of the Sex Offender Registration and Notification Act (SORNA I).[1]  Appellant argues that his conviction is against the weight and the sufficiency of the evidence.  We affirm.

In September of 2007, Appellant was arrested and charged with attempted statutory sexual assault, attempted indecent assault of a person less than sixteen years of age, attempted corruption of minors, and attempted unlawful contact with a minor.  Dkt. No. CP-26-CR-0001473-2007.  Appellant pled guilty to all offenses (2008 conviction).  Id.  At the time of Appellant's

_____

[1] 18 Pa.C.S. § 4915.1(a)(1) (eff. Dec. 20, 2012).

2008 conviction, Megan's Law III was in effect and required Appellant to register for ten years. See 42 Pa.C.S. § 9795.1(a)(2) (expired).

The trial court summarized the underlying facts and testimony as follows:

> On October 11, 2017, at the request of the Megan's Law Division of the Pennsylvania State Police, a Connellsville Police Officer went to 509 Ray Street, Apartment B, Connellsville, Fayette County, Pennsylvania to do an address check to determine if the Appellant resided there. Due to a conviction from 2008, . . . Appellant was required to report semi-annually to a Megan's Law Registration Center. Appellant was required to report within three (3) business days if he changed his address, telephone number, or employment. The officer went to Apartment B and was provided entry into the apartment [by another tenant in the building]. The officer testified the apartment was empty, "there wasn't anything in there whatsoever." The officer checked with the local post office and there was only a prior address listed for . . . Appellant. Appellant's cousin, Stanton Shroyer, testified that he moved out of the apartment on September 29, 2017[,] and Appellant had moved out a few days before Shroyer vacated the property. The owner of the property testified that she entered the apartment on either October 1 or 2, 2017. When she entered the apartment, it was empty of furniture or possessions. She testified that she had been in the apartment between ten and fourteen times during the month of October and there was no indication that anyone was residing there. [Appellant's aunt] testified that she was unsure of the date Appellant moved out. Appellant's [paramour, who had been residing with him,] testified that he moved out on October 14, 2017.
>
> Testimony was presented by Trooper Sigwalt, from the Megan's Law Division, that Appellant was required to follow the requirements of Tier II based on his 2008 conviction. As a Tier II reporter, Appellant was required to report on a semi-annual basis and within three days of a change of address.
>
> Appellant testified that he remained in the residence until the 14th or 15th of October. He testified that for a period of two weeks, he used a credit card to sneak back into the apartment each night, leaving each morning with his inflatable air mattress, PlayStation,

and clothing.  He carried his possessions around each day until he broke back into the residence at night. Appellant reported to the Pennsylvania State Police Barracks to report on October 16, 2017 to report his change of address.

Trial Ct. Op., 2/25/19, at 1-3 (record citations omitted).

On October 17, 2017, the police arrested Appellant and charged him under Section 4915.1(a)(1) for failure to comply with registration requirements—specifically, that Appellant failed to update his current address with the Pennsylvania State Police (State Police) within seventy-two hours of changing his address.  Appellant was convicted following a jury trial on October 3, 2018.[2]  That same day, the trial court sentenced Appellant to twenty-seven to fifty-four months' incarceration.  On October 11, 2018, Appellant filed a timely post-sentence motion challenging the weight and sufficiency of the evidence.  The trial court held oral arguments on October 31, 2018 and denied the motion on December 12, 2018.  Appellant timely filed a notice of appeal on December 14, 2018.  On January 4, 2019, Appellant filed

_____

[2] On February 21, 2018, our General Assembly enacted Act 10, see Act of Feb. 21, 2018, effective immediately, known as Act 10 of 2018 (Act 10 of 2018), P.L. 27, No. 10 §§ 1-20, to amend the Sexual Offenders Registration and Notification Act, 42 Pa.C.S. § 9799.10-9799.41, originally enacted on Dec. 20, 2012, effective Dec. 20, 2012 (SORNA I).  Act 10 was reenacted and amended on June 12, 2018, effective immediately, known as Act 29 of 2018 (SORNA II), see Act of June 12, 2018, P.L. 140, No. 29, 1-23, effective June 12, 2018 (Act 29 of 2018).  SORNA II limited the applicability of Section 4915.1 (failure to comply with registration requirements) to individuals who committed a sexual offense on or after December 20, 2012 under Subchapter H, and added Section 4915.2 (failure to comply with registration requirements) to be applicable to individuals that committed a sexual offense after April 22, 1996, but before December 20, 2012 under Subchapter I.

a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a responsive opinion.

Appellant raises the following issues for our review:

1. Whether the verdict as to failure to comply with registration requirements was against the weight of the evidence, and so contrary to the evidence as to shock one's sense of justice.

2. Whether the evidence presented at trial was legally sufficient to prove that [Appellant] committed the crime of failure to comply with registration requirements; specifically, failure to register his address and failure to provide accurate information.

Appellant's Brief at 4 (some formatting altered).

We first set forth our standard of review.

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. . . . When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court.

Commonwealth v. Widmer, 744 A.2d 745, 751-52 (Pa. 2000) (footnotes and citations omitted).

First, Appellant argues that the evidence presented at trial was insufficient to support his conviction. Appellant's Brief at 7-8. Appellant

- 4 -

contends that the Commonwealth was required to show that "he was aware that the information needed to be updated and he failed to do so." Id. at 8. According to Appellant, the Commonwealth failed to prove that he did not reside at the previous address within seventy-two hours of informing the State Police. Id. at 9. Appellant asserts that he slept in the apartment nightly for approximately two weeks after his roommate moved out. Id. Appellant contends that he did not move out of the apartment until October 14th or 15th of 2017, and then updated his address to the Pennsylvania State Police on October 17, 2017. Id. Appellant points out that Connellsville Police Officer Hominsky, who went to the apartment, testified that he saw nothing there but the officer did not check the bedroom. Id. Further, Appellant contends that "[t]he testimony of the landlord, Ms. Fields, that she did not observe Appellant in the apartment, or his things, is insufficient to prove that Appellant was not residing there." Id. Appellant also notes that he had not been evicted at the time of Officer Hominsky's inspection. Id.

The Commonwealth contends that Appellants arguments are without merit. Commonwealth's Brief at 5-6. The Commonwealth asserts that the trial evidence was sufficient to show that Appellant failed to update his address with the State Police between September 29, 2017 and October 16, 2017. Id. at 6. Although Appellant testified that he returned to the apartment nightly, the Commonwealth maintains "the jury was free to believe all, part or none of the witnesses and clearly [they] did not find Appellant credible." Id.

Second, Appellant argues that the verdict is so contrary to the weight of the evidence that it is shocking to one's sense of justice. Appellant's Brief at 10. According to Appellant, Officer Hominsky's testimony that there was a couch in the apartment conflicts with Ms. Fields' testimony that she visited the apartment numerous times in early October 2017 and did not observe Appellant or any personal belongings in the apartment. Id. at 11. Appellant contends that Ms. Field's testimony was not credible. Id. "[S]pecifically, it is incomprehensible that she would be able to scrub floors, and clean an entire apartment, without navigating around or below the couch observed by Officer Hominsky." Id. Appellant maintains that the jury's verdict is against the weight of the evidence because no testimony was presented to "conclusively determine that Appellant was not staying in the apartment within [seventy-two] hours of updating his address with the Pennsylvania State Police." Id. Appellant seeks "a judgment of acquittal, an arrest of judgment, and/or a new trial." Id. at 10.

In response, the Commonwealth asserts that the verdict is not against the weight of the evidence. Commonwealth's Brief at 5. Summarizing the testimony, the Commonwealth insists that a new trial is not the appropriate remedy for "a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." Id. The Commonwealth concludes that the judgment of sentence should be affirmed. Id. at 6.

In its Rule 1925(a) opinion, the trial court opined that Appellant's claims were meritless. Trial Ct. Op., at 3. The trial court concluded that Appellant's

weight challenge was without merit because "the evidence presented . . . was not vague, or tenuous, or so contradictory that it would shock one's conscience." Id. Further, the trial court highlighted that the jury found the evidence "to be factually sufficient to establish that Appellant was required to report [and] moved out of Apartment B more than three days before he reported to the Pennsylvania State Police Barracks." Id. Concluding that Appellant's sufficiency claim is also without merit, the trial court opined that "the jury was able to resolve any conflicts in the testimony to the benefit of the Commonwealth." Id.

Concerning Appellant's challenge to the sufficiency of the evidence, we note that the Commonwealth is required to prove each element of Section 4915.1 beyond a reasonable doubt to satisfy its burden. See Widmer, 744 A.2d at 745. Section 4915.1 requires:

> 4915.1. Failure to comply with registration requirements
>
> (a) Offense defined.—An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to:
>
> > (1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) or 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police)

18 Pa.C.S. § 4915.1(a)(1).

Section 9799.13 states that "a sexual offender who has a residence within this Commonwealth or is transient" is required to register with the Pennsylvania State Police. 42 Pa.C.S. § 9799.13(1). According to Section

9799.15(g)(2), "an individual specified in section 9799.13 shall appear in person at an approved registration site within three business days to provide current information relating to a commencement of residence, change in residence, termination of residence or failure to maintain a residence, thus making the individual a transient." 42 Pa.C.S. § 9799.15(g)(2) (emphasis added).

Appellant's sufficiency argument relies on his testimony, corroborated by his paramour, that Appellant continued to reside at the apartment until October 14th or October 15th of 2017. According to Appellant, once he left the apartment permanently, he notified the State Police. Appellant suggests that these facts negate the mens rea required to convict him of failing to comply with the registration requirements.

Appellant also suggests that the testimony offered by two of the Commonwealth's witnesses was insufficient to prove Appellant was no longer living there. Appellant points out that Officer Hominsky testified that he did not observe personal belongings in the apartment aside from a couch, even though he did not search the bedroom of the apartment. Further, Appellant argues that the testimony of Mrs. Flowers, the owner of the property, should not be believed because she testified that she cleaned and painted the apartment but did not see a couch in the unit. We conclude that these arguments implicate credibility considerations and therefore concern weight of evidence determinations rather than the sufficiency of the evidence. Accordingly, we will address them below.

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we find that there was sufficient evidence in our review of the record to convict Appellant of failure to comply with registration requirements. Specifically, Trooper Sigwalt testified that Appellant's 2008 conviction required him to register with the Pennsylvania State Police and report within three days of a change of address. N.T., 10/3/18, at 50. Trooper Sigwalt also testified that Appellant had registered previously and that he was reminded of his requirements at the time of registration. Id. Trooper Sigwalt confirmed that Appellant reported to the police barracks to change his address on October 16, 2017. Id. at 52.

Appellant's cousin, with whom he shared an apartment, testified that Appellant moved out of the apartment a few days before September 29, 2017, when Appellant's cousin vacated the apartment. Id. at 20. Additionally, Appellant testified that he knows he is required to register with the Pennsylvania State Police and to notify them of address changes. Id. at 73.

Our review of the record including the above-described witness testimony indicates that legally sufficient evidence was presented at trial such that a reasonable jury could conclude that Appellant moved out of the apartment in late September 2017, knew that he needed to notify the State Police of his address change within three days, and failed to timely report. Accordingly, Appellant's sufficiency claim fails.

We now turn to Appellant's weight claim. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of

the evidence and to determine the credibility of the witnesses." Commonwealth v. Roane, 204 A.3d 998, 1001 (Pa. Super. 2019) (citation omitted). Resolving conflicts in the testimony is the responsibility of the fact-finder and we may not substitute our judgment for that of the trier of fact. Commonwealth v. Cramer, 195 A.3d 594, 600 (Pa. Super. 2018).

> [W]e must give the gravest consideration to the trial court's conclusion because it is the trial court, and not the appellate court, that had the opportunity to hear and see the evidence presented. Furthermore, a defendant will only prevail on a challenge to the weight of the evidence when the evidence is so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

Id. at 601.

Instantly, as stated above, Appellant challenges the credibility of the testimony offered by Officer Hominsky and Mrs. Flowers. Appellant asserts that the verdict is against the weight of the evidence because Mrs. Flowers is the only witness who testified that she looked in the bedroom during the seventy-two hours before Appellant reported to the police barracks. Appellant's Brief at 11. However, Appellant does not specify how the witness testimony was so vague or tenuous that the verdict shocks one's sense of justice and the conscience of the court. See Cramer, 195 A.3d at 601. Instead, Appellant invites this Court to re-weigh the evidence presented at trial, which is not the role of our appellate review. See id (reiterating that it is not for this Court to re-weigh the evidence).

Accordingly, we conclude that Appellant's weight claim is without merit. The jury as the trier of fact, was free to believe all, some, or none of the testimony presented at trial and resolve conflicting witness testimony. See Roane, 204 A.3d at 1001; see also Cramer, 195 A.3d at 601. Therefore, he is not entitled to relief.

For the foregoing reasons, Appellant's weight and sufficiency of evidence claims fail.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/24/2020