**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY ALLEN SMITH, JR. | : | |
| | : | |
| Appellant | : | No. 1390 WDA 2024 |

Appeal from the Judgment of Sentence Entered September 19, 2024
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002389-2023

BEFORE: NICHOLS, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: October 7, 2025**

Timothy Allen Smith, Jr. appeals from the judgment of sentence entered following his convictions for multiple sex crimes: involuntary deviate sexual intercourse ("IDSI") – forcible compulsion, IDSI with a child, aggravated indecent assault, unlawful contact with a minor, strangulation, sexual assault, indecent assault, endangering the welfare of children ("EWOC"), and corruption of minors.[1] Smith argues his convictions were against the weight of the evidence. We affirm.

The trial court summarized the evidence presented at Smith's jury trial as follows:

> The first witness called by the Commonwealth was [S.K.], who testified that on August 25, 2023, her minor daughter informed her that she had been sexually assaulted by [Smith].

---

[1] *See*, respectively, 18 Pa.C.S.A. §§ 3123(a)(1), (b), 3125(a)(2), 6318(a)(1), 2718(a)(1), 3124.1, 3126(a)(7), 4304(a)(1), and 6301(a)(1)(ii).

[Smith] was dating the witness' sister, [K.K.], at that time. The minor child, whose initials are F.M., has a date of birth of October 16, 2012.

Next, the Commonwealth called Corporal Zachary Vernail of the Uniontown Police Department, who was dispatched to the Uniontown Hospital on August 25, 2023, for a report of a sexual abuse of a ten-year-old child. Corporal Vernail testified [Smith's] date of birth is June 15, 1992. While at the hospital, Corporal Vernail interviewed F.M., who informed him that the assault occurred in the City of Uniontown approximately four months prior to the report date.

Lastly, the minor victim, F.M., testified that she was eleven years old as of the date of the trial and was on summer break from [] Elementary School, where she just completed sixth grade. F.M. testified that during the prior year she lived in the City of Uniontown with several family members and [Smith]. F.M. stated that when they were alone [Smith] would touch her sexually, that he penetrated her "private parts" with his fingers and "his private area." That he placed his "private part" in her mouth until she was unable to breathe and instructed her that if she told anyone he would kill her and her family. On August 25, 2023, she had an issue in her private area and told her mother what had occurred. F.M. further specified that by "private parts" she was referring to [Smith's] penis and her "coochie."

[Smith] testified that he did live with F.M. and her family in March of 2023, that nothing inappropriate happened, and that he believes F.M. was coerced into fabricating this story because of her stepfather. [Smith] stated that he had a dispute with F.M.'s stepfather about a gun that he stole from his sister causing him to be charged with Theft by Unlawful Taking. [Smith] suggested that as further punishment for stealing the gun, he states that F.M. was convinced to make up the story regarding the sexual assault.

Trial Court Opinion, filed Nov. 27, 2024, at 3-4 (citations to trial transcript omitted).

After Smith was convicted of the above-listed offenses,[2] the court sentenced him to an aggregate of 25 to 50 years' incarceration. Smith filed post-sentence motions, which were denied.[3] He appealed.[4]

Smith raises the following issues:

[1.] Did the court err by denying [Smith's] post[-]sentence motions when the jury's verdict for [IDSI] (Count 1) was against the weight of the evidence?

[2.] Did the court err by denying [Smith's] post[-]sentence motions when the jury's verdict for [IDSI] (Count 2) was against the weight of the evidence?

[3.] Did the court err by denying [Smith's] post[-]sentence motions when the jury's verdict for aggravated indecent assault (Count 3) was against the weight of the evidence?

[4.] Did the court err by denying [Smith's] post[-]sentence motions when the jury's verdict for [IDSI] (Count 6) was against the weight of the evidence?

[5.] Did the court err by denying [Smith's] post[-]sentence motions when the jury's verdict for strangulation (Count 7) was against the weight of the evidence?

[6.] Did the court err by denying [Smith's] post[-]sentence motions when the jury's verdict for sexual assault (Count 8) was against the weight of the evidence?

---

[2] In addition to his jury convictions, the trial court found Smith guilty of the summary offense of harassment. *See* 18 Pa.C.S.A. § 2709(a)(1). Smith does not challenge this conviction.

[3] Smith filed a *pro se* notice of appeal prior to the disposition of post-sentence motions and while represented by counsel. *See* No. 1074 WDA 2024. Smith's counsel later filed a praecipe to discontinue this premature, duplicative appeal.

[4] The court granted Smith leave to appeal *nunc pro tunc*.

[7.] Did the court err by denying [Smith's] post[-]sentence motions when the jury's verdict for indecent assault (Count 9) was against the weight of the evidence?

[8.] Did the court err by denying [Smith's] post[-]sentence motions when the jury's verdict for [EWOC] (Count 10) was against the weight of the evidence?

[9.] Did the court err by denying [Smith's] post[-]sentence motions when the jury's verdict for corruption of minors (Count 11) was against the weight of the evidence?

[10.] Did the court err by denying [Smith's] post[-]sentence motions when the jury's verdict for indecent exposure (Count 12) was against the weight of the evidence?

Smith's Br. at 4-6 (suggested answers and some capitalization omitted).

Smith advances the same argument in each issue. Smith argues his convictions were against the weight of the evidence because they were based on "F.M.'s inconsistent and unreliable testimony." *Id.* at 11. He asserts there was a "lack of any medical evidence that F.M. had been sexually assaulted" and an "utter lack of any other corroborating evidence that F.M. was sexually assaulted by [Smith]." *Id.* at 11-12. Smith contends the "evidence provided by the defense tended to show that the assault had been fabricated by the victim's family because of their ill will towards [Smith]." *Id.* at 12.

The jury is responsible for passing upon the credibility of the witnesses, resolving contradictory testimony, and weighing the evidence. *Commonwealth v. Bright*, 234 A.3d 744, 749 (Pa.Super. 2020); *Commonwealth v. Roane*, 204 A.3d 998, 1001 (Pa.Super. 2019). In so doing, the jury "is free to believe all, part or none" of the evidence presented at trial. *Roane*, 204 A.3d at 1001 (citation omitted). Thus, a trial court may

only grant a new trial on a weight claim if the verdict "is so contrary to the evidence as to shock one's sense of justice." ***Commonwealth v. Clemens***, 242 A.3d 659, 667 (Pa.Super. 2020) (citation omitted); ***see also Commonwealth v. Cramer***, 195 A.3d 594, 601 (Pa.Super. 2018) (stating, "a defendant will only prevail on a challenge to the weight of the evidence when the evidence is so tenuous, vague and uncertain that the verdict shocks the conscience of the court") (citation omitted)).

We review the trial court's ruling on a weight claim solely for an abuse of discretion:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Bright***, 234 A.3d at 749 (cleaned up).

Here, the court denied Smith's challenge to the weight of the evidence on the following grounds:

> The jury made a credibility decision by crediting the testimony of the victim and disregarding the testimony of [Smith]. In doing so, they determined that [Smith] sexually assaulted a ten-year-old child and threatened to kill her and her family if she told anyone. This [c]ourt finds that the jury verdicts are not contrary to the weight of the evidence, the verdicts of guilty do not shock our sense of justice, and [Smith] is not entitled to a new trial.

Trial Ct. Op. at 5.

The court did not abuse its discretion. The Commonwealth presented testimony from the complaining witness, her mother, and the investigating law enforcement officer. The jury was free to credit their testimony over Smith's. After reviewing the record, we perceive no abuse of discretion in the trial court's rejection of Smith's weight claim. *See Commonwealth v. Cramer*, 195 A.3d at 601 (affirming denial of weight claim where appellant argued victim's testimony was unreliable); *Commonwealth v. Castelhun*, 889 A.2d 1228, 1234 (Pa.Super. 2005) (affirming denial of weight claim where appellant argued testimony was uncorroborated and contradictory).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/07/2025