J-S55042-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DYAR LUTHER DUNN | : | |
| | : | |
| Appellant | : | No. 1789 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 8, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005549-2019

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    FILED JANUARY 14, 2021

Appellant, Dyar Luther Dunn, appeals from the aggregate judgment of sentence of nine to twenty-four months of confinement followed by two years of probation, which was imposed after his convictions at a bench trial for one count of knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered and two counts of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance.[1] We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  See Trial Court Opinion, dated

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16), (30).

June 9, 2020, at 1-3. Therefore, we have no reason to restate them at length here. For the convenience of the reader, we briefly note:

> On April 16, 2019, detectives from the City of Pittsburgh Bureau of Police were working a plainclothes detail in the business district of the Hazelwood area of the City of Pittsburgh. Detectives had received dozens of complaints about open-air drug sales in that area. At approximately 4:45 p.m. on that date, Detective Scott Brown observed a female crossing the street holding a bag. Over [Appellant]'s objection, Detective Brown testified that he believed the bag contained cans of alcoholic beverages. He further testified that he really did not see what was in the bag. Detective Brown watched the woman, later identified as Shayleah King, cross the street and hand the bag to [Appellant]. [Appellant] then manipulat[ed] something in his waistband and he then dropped a small white "rock" into Ms. King's left hand. Based on Detective Brown's training and experience, he believed the "rock" to be crack cocaine. Detective Brown's location was approximately 100 yards from the transaction but he was using binoculars to conduct the surveillance. He testified that he was clearly able to observe the transaction.
>
> Ms. King testified at trial. She testified that she gave beer to [Appellant] on April 16, 2019. She also testified that she had cocaine on her that day but she denied that [Appellant] gave her anything. . . . [However, at the time of her arrest, a]fter detectives advised her that they watched the transaction, she admitted to the detectives that she got the crack cocaine from [Appellant].

Id. at 1-2.

Appellant was convicted on November 8, 2019, and immediately sentenced. He did not raise any post-trial or post-sentence motions orally on the record, see N.T., 11/8/2019, at 46-55, and he did not file any written

post-sentence motions.   On December 6, 2019, Appellant filed this timely

direct appeal.[2]

Appellant presents the following issue for our review:

Whether the evidence presented by the Commonwealth against [Appellant] was so unreliable and/or contradictory as to render it insufficient as a matter of law to sustain a verdict of guilty?

Appellant's Brief at 5.

Appellant contends that "the Commonwealth relied on . . . patently

unreliable evidence in its prosecution of [him]."  Id. at 14 (citation and internal

brackets and quotation marks omitted).   He further describes "the

Commonwealth's evidence purporting to demonstrate [Appellant] possessed

and delivered . . . in contravention to human experience and the laws of

nature, riddled with critical inconsistencies, and ultimately so unreliable

and/or contradictory as to make any verdict based thereon pure conjecture."

Id. at 17.

Allegations of conflicting or contradictory testimony and questions of

credibility are challenges to the weight of the evidence, not to the sufficiency

of the evidence.   See Commonwealth v. Knox, 219 A.3d 186, 198 (Pa.

Super. 2019) (weight claim based on conflict in testimony); Commonwealth

v. Roane, 204 A.3d 998, 1001 (Pa. Super. 2019) ("weight of the evidence is

exclusively for the finder of fact, who is free . . . to determine the credibility

_____

[2] Appellant filed his statement of errors complained of on appeal on February 7, 2020.  The trial court entered its opinion on June 9, 2020.

of the witnesses"; "[t]he fact-finder also has the responsibility of resolving contradictory testimony"). Weight of the evidence and sufficiency of the evidence are not the same concepts and are not interchangeable. See Commonwealth v. Widmer, 744 A.2d 745, 751 (Pa. 2000) (delineating the distinctions between a claim challenging the sufficiency of the evidence and a claim that challenges the weight of the evidence). By challenging the credibility of witnesses and the fact-finder's resolution of contradictory testimony, Appellant has conflated sufficiency of the evidence and weight of the evidence.

A challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607(A). The Rule provides:

> A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> (1) orally, on the record, at any time before sentencing;
>
> (2) by written motion at any time before sentencing; or
>
> (3) in a post-sentence motion.

Id. "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Comment to Pa.R.Crim.P. 607. "Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." Commonwealth v. Thompson, 93 A.3d 478, 490 (Pa. Super. 2014).

Appellant did not file any written post-trial or post-sentence motions nor challenge the weight of the evidence orally on the record. See N.T.,

11/8/2019, at 46-55. Accordingly, his sole issue on appeal is waived. See Pa.R.Crim.P. 607; Thompson, 93 A.3d at 490.[3]

As Appellant has failed to preserve any issues for our review, we affirm. In re K.L.S., 934 A.2d 1244, 1246 n.3 (Pa. 2007) (where issues are waived on appeal, we should affirm rather than quash).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/2021

_____

[3] Moreover, the trial court reasoned that Ms. King's inconsistent statements as to whether Appellant sold her the crack cocaine were less credible than the Commonwealth's straightforward account of the facts which included testimony of a detective who personally observed Appellant place a "rock" of crack cocaine into Ms. King's hand. Trial Court Opinion, dated June 9, 2020, at 5; see also id. at 1-2. The trial court, as fact-finder, resolved the credibility determinations against Appellant, and its decision does not shock the conscience. Consequently, assuming Appellant had properly preserved his weight claim for appellate review, we would find no error in the trial court's decision. See Roane, 204 A.3d at 1001 ("A reversal of a verdict is not necessary unless it is so contrary to the evidence as to shock one's sense of justice. The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses. The fact-finder also has the responsibility of resolving contradictory testimony and questions of credibility." (internal citations and quotation marks omitted)). This Court cannot and will not substitute our judgment for that of the fact-finder.