J-A01025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH ROBERT O'BOYLE | : | |
| | : | |
| Appellant | : | No. 1885 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 10, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0001465-2021

BEFORE:  LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 6, 2023**

Appellant Joseph Robert O'Boyle appeals from the judgment of sentence imposed after he entered an open guilty plea to aggravated assault, resisting arrest,[1] and related offenses.  Appellant challenges the discretionary aspects of his sentence.  We affirm.

The underlying facts of this matter are well known to the parties.  ***See*** Trial Ct. Op., 9/19/22, at 1-5.  By way of background, we note that Appellant was charged with homicide and related offenses following the death of Dr. James Sawa in 2020.  ***See*** Docket No. 1467-2021.   While police were executing a search warrant in connection with the homicide case, Appellant attacked Bensalem Police Department Detective David Nieves which gave rise to the instant case.  As a result, Appellant was subsequently charged with two

_____

[1] 18 Pa.C.S. §§ 2702(a)(2) and 5104, respectively.

counts of aggravated assault, and one count each of simple assault, recklessly endangering another person (REAP), and resisting arrest. **See** Docket No. 1465-2021.

On May 27, 2022, Appellant entered open guilty pleas in both cases. At Docket No. 1465-2021, Appellant pled guilty to two counts of aggravated assault and one count each of simple assault, REAP, and resisting arrest. At Docket No. 1467-2021, Appellant pled guilty criminal trespass, possession of an instrument of crime, and criminal homicide, but not guilty to burglary.

On June 6-10, 2022, the trial court conducted a degree of guilt hearing with respect to Appellant's burglary and homicide charges at Docket No. 1467-2021. Ultimately, the trial court found Appellant guilty of third-degree murder but not guilty of burglary. After the Commonwealth and Appellant agreed to immediately proceed with sentencing, the trial court conducted a sentencing hearing on both cases.[2] **See** N.T. Sentencing Hr'g., 6/10/22, at 46. Ultimately, the trial court sentenced Appellant to twenty-six to fifty-four years'

---

[2] We note that the trial court did not order a pre-sentence investigation (PSI) report and did not provide any reasons on the record for not ordering one. **See** Pa.R.Crim.P. 702(A)(2) (requiring a sentencing judge to place on the record reasons for dispensing with a PSI report). We further note that Appellant did not challenge the lack of a PSI report in his post-sentence motions, nor did he raise the issue on appeal. Because the lack of a PSI report does not implicate the legality of sentence, we shall proceed to decide this case based on our well-settled procedure for deciding challenges to the discretionary aspects of sentence. **See Commonwealth v. Flowers**, 950 A.2d 330, 331 (Pa. Super. 2008) (stating that "a claim that the court erred in failing to order a PSI report raises a discretionary aspect of sentencing [claim]" (citation omitted)).

imprisonment for the homicide case at Docket No. 1467-2021, which Appellant does not challenge on appeal.

At Docket No. 1465-2021, which is the subject of the instant appeal, the trial court sentenced Appellant to a term of ten to twenty years' imprisonment for aggravated assault and one to two years' imprisonment for resisting arrest, to be served consecutively.[3] The trial court further ordered that Appellant's sentence at Docket No. 1465-2021 would run consecutive to the sentence imposed at Docket No. 1467-2021.

Appellant filed a timely post-sentence motion on June 17, 2022, which the trial court denied. Appellant subsequently filed a timely notice of appeal from the judgment of sentence imposed at Docket No. 1465-2021. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue for our review:

> Did the trial court err in imposing a sentence that: (a) exceeded the sentencing guidelines, (b) failed to give adequate reasons to justify a sentence in excess of the aggravated range of the sentencing guidelines, and (c) failed to take into account Appellant's age, maturity, circumstances of the case, and Appellant's personal circumstances[?]

Appellant's Brief at 8 (formatting altered).

Appellant claims that the trial court abused its discretion by imposing a manifestly excessive sentence. *Id.* at 19. In support, Appellant asserts that

---

[3] The record reflects that Appellant's prior record score is zero. The standard range sentence for aggravated assault is twenty-two to thirty-six months; the standard range sentence for resisting arrest is a term of probation. N.T. Sentencing Hr'g., 6/10/22 at 104-05.

the trial court improperly considered the facts of the homicide case at Docket No. 1467-2021 when imposing Appellant's sentence in the instant case and that the trial court failed to provide adequate reasons for imposing a sentence within the aggravated range. *Id.* at 10-11, 15-18. Further, Appellant asserts that the trial court failed to consider relevant sentencing factors, including Appellant's rehabilitative needs. *Id.* at 10, 18. Finally, Appellant alleges that the trial court imposed an unreasonable sentence that exceeded the sentencing guidelines. *Id.* at 10-11. Therefore, Appellant requests that we vacate the judgment of sentence and remand the case for resentencing.

Appellant's claims implicate the discretionary aspects of his sentence. Therefore, before addressing Appellant's arguments, we must determine whether he has properly preserved them for review.

This Court has explained:

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa. Super. 2017) (some citations omitted and formatting altered). "A substantial question exists only

when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

Instantly, Appellant preserved his sentencing claims in a post-sentence motion, filed a timely appeal, and included a Pa.R.A.P. 2119(f) statement in his brief. *See* Appellant's Brief at 10-12. Accordingly, we conclude that Appellant has presented a substantial question for review. *See, e.g.*, *Commonwealth v. Roane*, 204 A.3d 998, 1002 (Pa. Super. 2019) (explaining that allegations that the trial court failed to consider the relevant sentencing factors and imposed a manifestly excessive sentence raise a substantial question); *Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa. Super. 2004) (holding that a claim that the sentencing court imposed a sentence outside the guidelines presents a substantial question). Therefore, we will address the merits of Appellant's sentencing claims.

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. §§ 9781(c) and (d). Subsection 9781(c) provides:

> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
>> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>>
>> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>>
>> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.
>
> 42 Pa.C.S. § 9781(c).
>
> In reviewing the record, we consider:
>
>> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>>
>> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>>
>> (3) The findings upon which the sentence was based.
>>
>> (4) The guidelines promulgated by the commission.
>
> 42 Pa.C.S. § 9781(d).

*Commonwealth v. Raven*, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (some citations omitted and some formatting altered).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on victim and community, and [the] rehabilitative needs of the defendant." *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered).

Additionally, the trial court "must consider the sentencing guidelines." *Id.* at 848 (citation omitted).

Additionally, this Court has explained that

the sentencing court is required to consider the sentence ranges set forth in the sentencing guidelines, but it [is] not bound by the sentencing guidelines. The court may deviate from the recommended guidelines; they are "merely one factor among many that the court must consider in imposing a sentence." A court may depart from the guidelines "if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." When a court chooses to depart from the guidelines[,] however, it must "demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines." Further, the court must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b).

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (some citations omitted and formatting altered). "The requirement that the court provide a contemporaneous written statement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence." *Commonwealth v. Durazo*, 210 A.3d 316, 321 (Pa. Super. 2019) (citations and quotation marks omitted).

"When reviewing a sentence outside of the guidelines, the essential question is whether the sentence imposed was reasonable." *Id.* (citations omitted). "A sentence may be found unreasonable if it fails to properly account for" the four statutory factors of Section 9781(d). *Sheller*, 961 A.2d at 191. "Even if the sentencing court relied on factors that were subsumed

into the guideline recommendation, . . . there is no abuse of discretion when the sentencing court has significant other support for its departure from the sentencing guidelines." *Id.* at 192 (citations omitted). Finally, we note that a sentencing court is not required to ignore context and impose a sentence in a vacuum, where the offense at issue and the corresponding sentencing guidelines are the only factors permissibly considered by a sentencing court. *Commonwealth v. Hardy*, 939 A.2d 974, 980 (Pa. Super. 2007).

Here, at sentencing, the record reflects that Appellant's counsel advised the trial court that Appellant suffers from severe mental illness, has been in the Norristown State Hospital, and is taking several medications to improve his mental health. N.T. Sentencing Hr'g. at 101.[4]

After setting forth the applicable sentencing guidelines for the charges in both cases, the trial court explained:

> [Appellant], the facts of this case, as you know, are serious. You brutally murdered Dr. Sowa. You savagely murdered him, I might add. It was unprovoked and unnecessary, of course. I don't know that any of us will ever know the full reason why you did it.
>
> I understand from the evidence that you had a problem with your jaw. You had two appointments with him and he tried to help you. I suspect that you were upset about your jaw bothering you, and you went to see him about it. Nevertheless, the injuries to him

---

[4] During the degree of guilt hearing, the trial court also heard extensive testimony from Allen M. Tepper, Ph.D., regarding Appellant's mental health. *See* N.T. Degree of Guilt Hr'g., 6/8/22, at 43-118. The trial court also accepted into evidence a report authored by Dr. Tepper, which concluded that Appellant, at the time of his offenses, suffered from schizophrenia and schizoaffective disorder, "that was characterized by auditory hallucinations, delusional thought, self-deprecating feelings, and emotional dysregulation." Defense Exhibit 2 at 11.

were severe that caused his death. They were quite graphic as depicted in the photographs. I'm sure you have seen them. And it was a horrific death that he suffered.

Detective Nieves, someone you now or knew from basketball, likewise, was attacked unprovoked by you, and we saw the video of that. What stood out from that video was the rage on your face. So I can't overlook those things when considering the facts of the case.

I have, of course, considered your age and your family support. And I've considered the severe mental illness from which you suffer. The guidelines I've gone over with you.

\*     \*     \*

So the bottom line is, the impact it's done upon [the Sowas] is immeasurable and nothing anybody says or does will ever ease that pain. Even if you were to spend the rest of your natural life in jail that wouldn't ease their pain because they want their loved one back, and that's something you took from them.

The need to protect the community, of course, is something else that I have to consider. This was an attack on a man in his home, pointed out by his son, in his home office. There's [sic] some details that are unclear to me, and perhaps that worked to your benefit. But you were in his home, and that shows that you can do to him you can do to someone in the community [sic]. So I think, frankly, as long as you continue to suffer from the mental illness that you have, and as long as you don't seek proper therapy, I think it's a fair statement to say that you're a danger to anybody and everybody you come in contact with. And so from the community protection standpoint, I would dare suggest that as long as you're in custody, the community is safe. When you're not in custody, the community is not safe. You have demonstrated that by your violent behavior towards Dr. Sowa and Detective Nieves.

And, of course, your need for rehabilitation, which is important to us as well. And that's probably best served by you getting into treatment. Hopefully in the state they'll find you a hospital and they'll find you doctors to treat you. But I will tell you, with your condition, your medication is something you need to address and you need to deal with.

So for those reasons, from what we've discussed, I believe a sentence of total confinement is appropriate.

\* \* \*

[At Docket No. 1465-2021], count number [one], aggravated assault on Detective Nieves, it's ordered that you pay the costs and undergo imprisonment in the state correctional institution for a period of not less than ten nor more than [twenty] years.

And on [c]ount [n]umber [five], resisting arrest, it's ordered that you pay the costs and undergo imprisonment in the state correctional institution for a period of not less than one nor more than two years.

Those sentences are consecutive to one another and consecutive to the sentence imposed [at Docket No. 1467-2021].

. . . They're in the aggravated range,[5] and I believe that's necessary based upon facts of the case and in order to protect the community and to meet his long-term rehabilitative needs.

N.T. Sentencing Hr'g. at 105-11.

In its Rule 1925(a) opinion, the trial court addressed Appellant's sentence in the instant case as follows:

The facts of this case are simple: Appellant violently attacked Detective Nieves, his former basketball coach, without provocation. As he assaulted a man who was simply trying to do his job, Appellant's face was filled with a terrifying rage, and he required numerous other officers to stop his attack. Had those

---

[5] Appellant's sentencing guidelines reflect that the sentence imposed was in excess of the aggravated range. We note that the record reflects that the trial court demonstrated that it was aware of Appellant's sentencing guidelines, having explicitly referenced the mitigated, standard, and aggravated range sentence for each of Appellant's offenses. *See* N.T. Sentencing Hr'g. at 104-05; *see also Commonwealth v. Beatty*, 227 A.3d 1277, 1288 (Pa. Super. 2020) (explaining that "[w]hen deviating from the sentencing guidelines, a trial judge must indicate that he understands the suggested ranges." (citations omitted)).

- 10 -

additional officers not been in close proximity, Detective Nieves could have been even more seriously injured, perhaps even killed. Appellant sucker-punched Detective Nieves with a closed-fist until he was physically no longer able to do so, similar to the *modus operandi* Appellant had when he killed Dr. Sowa. This shows Appellant's habit for responding with violent behavior whenever he becomes slightly upset with someone and that he is a danger to anyone who encounters him.

[The trial court] also considered Appellant's family support and history of mental illness. While [the trial court] is sympathetic to Appellant's mental health, it is clear that Appellant has never seriously tried to seek help for his disorders and will continue with his violent behavior until he is no longer physically able to do so. Therefore, [the trial court] found that Appellant has a high need for rehabilitation and there is a strong need to protect the community from his uncontrolled rage. As such, [the trial court] had no choice but to impose a lengthy sentence in a state correctional facility. This sentence will hopefully ensure that Appellant receives the treatment he needs and that Appellant will appreciate the gravity of his actions. Appellant's allegations that [the trial court] abused its discretion in sentencing are meritless.

Trial Ct. Op. at 10-11.

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. As noted previously, the trial court is not required to sentence a defendant in a vacuum. *See Hardy*, 939 A.2d at 980. Although the trial court referenced the homicide case at the sentencing hearing for context of the crimes, it is clear that the trial court fashioned its sentence in the instant case based on the facts and circumstances of the aggravated assault and resisting arrest charges. Indeed, the record reflects that the trial court expressly considered the sentencing guidelines for aggravated assault and resisting arrest, the impact of Appellant's crimes on Detective Nieves and the community, and Appellant's

rehabilitative needs. ***See id; see also Fullin***, 892 A.2d at 847. Further, the trial court noted that although Appellant suffered from severe mental illness, so long as he failed to seek proper treatment and proper therapy, Appellant continued to remain a threat to the community. ***See*** N.T. Sentencing Hr'g. at 106, 108. Ultimately, the trial court concluded that a sentence in excess of the guidelines' aggravated range was necessary in light of Appellant's violent behavior and the continued risk that Appellant posed to public safety. ***See Durazo***, 210 A.3d at 321. Under these circumstances, we have no basis to conclude that the trial court's sentence was unreasonable. ***See Sheller***, 961 A.2d at 192. Therefore, Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/2023