J-S36043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT LEE DENISON | : | |
| | : | |
| Appellant | : | No. 471 WDA 2025 |

Appeal from the Judgment of Sentence Entered January 8, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001075-2023

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED: January 21, 2026**

Appellant, Robert Lee Denison, appeals from the judgment of sentence imposed by the Court of Common Pleas of Blair County after a trial court found him guilty of driving under the influence (DUI), driving an unregistered vehicle, and careless driving.[1] Appellant challenges the sufficiency of evidence, the weight of evidence, and the denial of his suppression motion regarding his DUI conviction. Upon review, we affirm in part and vacate in part, vacating only Appellant's sentence for his failure to use a seatbelt conviction.[2]

On March 5, 2023, at approximately 1:45 a.m., Pennsylvania State Police Trooper Creston Jenkins and his partner were on patrol in a police car

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 75 Pa.C.S. §§ 3802(a)(1), 1301(a), and 3714(a), respectively.

[2] **See** 75 Pa.C.S. § 4581(a)(2)(ii).

around Altoona, Pennsylvania. *See* N.T. Suppression Hearing, 3/27/24, at 4. Trooper Jenkins noticed a vehicle coming too close to the curb and then it swerved back onto the roadway. *See id.* He conducted a record check on the vehicle, and its registration came back expired. *See id.* Upon receiving that information, Trooper Jenkins turned on his car's lights and siren to conduct a traffic stop. *See id.*

Appellant drove past several places he could have pulled off before making a right turn on a two-lane street. *See* N.T. Trial, 10/2/24, at 13. He pulled up to a stop sign and then stopped in the middle of the road. *See id.* at 14. Trooper Jenkins exited his car and approached the driver's side of the vehicle. *See id.* at 15. While talking to Appellant, Trooper Jenkins noticed he had a strong odor of an alcoholic beverage, a slight slur of speech, and his eyes looked glassy. *See id.* at 15-16. Trooper Jenkins requested Appellant to get out of his vehicle, which he did. *See id.* at 16.

Appellant was able to complete the first field-sobriety test; however, Appellant had a cane and stated he could not perform a one-legged turn or walk due to medical reasons. *See id.* at 17. Appellant told Trooper Jenkins he was coming from home and then corrected himself and said he came from a bar. *See id.* at 19. Appellant reported he had three drinks and was additionally confused about his vehicle registration being expired, thinking it was his vehicle inspection sticker. *See id.* at 20-21. Since Appellant was unable to perform the standard field sobriety test, Trooper Jenkins told Appellant he was going to be taken to a nearby hospital for a blood draw. *See id.*

When Appellant got in the police car, Appellant apparently assumed he was going to jail. *See* N.T. Trial, 10/2/24, at 21. Appellant randomly laughed and sporadically changed his behavior throughout the short ride. *See id.* at 23. Trooper Jenkins asked Appellant for his phone number, which he could not remember. *See id.* at 24. After they arrived at the hospital, Trooper Jenkins read Appellant a DL-26B form, complying with the law to read the form's four designated lines to someone from whom the police were trying to collect blood. *See id.* at 26-27; Commonwealth Trial Exhibit 2 (DL-26B Form).[3] Appellant refused to let the troopers take his blood, and repeatedly said he wanted to speak to an attorney. *See* N.T. Trial, 10/2/24, at 28.

After his refusal for the blood draw, Appellant agreed to have the troopers take him home. *See* N.T. Trial, 10/2/24, at 30. However, he struggled to explain where he lived and began to sing "God Bless America" during the ride. *See id.* at 30, 41. The troopers passed Appellant's vehicle, and Appellant failed to comprehend why they left his vehicle, asking the troopers to write down the location. *See id.* at 31-32, 40. Originally, Appellant told the troopers the wrong home address but eventually corrected himself and he was dropped off at his home. *See id.* at 29, 43.

The Commonwealth charged Appellant with driving under the influence, careless driving, driving an unregistered vehicle, and not wearing a seatbelt.

---

[3] *See* 75 Pa.C.S § 1547(b)(2) (stating "duty of police officer" to inform individual of the consequences of blood draw refusal).

*See* Criminal Complaint, 4/20/23. On August 2, 2024, Appellant filed a motion to suppress, alleging that there was no probable cause for the troopers to conduct the traffic stop. *See* Motion to Suppress, 8/2/23. A hearing was held on March 27, 2024, where Trooper Jenkins testified. *See* N.T. Suppression Hearing, 3/27/24, at 1-13. Afterwards, the suppression court denied Appellant's motion. *See* Order and Opinion (denying motion to suppress), 4/2/24. Appellant requested a non-jury trial. *See* Order, 5/28/24, at 1 (stating trial court will schedule half-day bench trial).

On October 2, 2024, Appellant proceeded to trial where Trooper Jenkins again testified. *See* N.T. Trial, 10/2/24, at 1-43. The Commonwealth provided evidence that Appellant's vehicle registration expired in November 2022. *See id.* at 10-11 (establishing Appellant's vehicle registration was almost four months expired); Commonwealth Trial Exhibit 1 (Certified Vehicle Registration). The Commonwealth also provided dashcam footage that recorded video of the front of the trooper's car and recorded audio inside the car. *See* N.T. Trial, 10/2/24, at 34-35; Commonwealth Trial Exhibit 3 (MVR Footage). Appellant chose to testify and was cross-examined by the Commonwealth. *See* N.T. Trial, 10/2/24, at 61-71. The trial court found Appellant guilty of three out of the four charges and ordered a pre-sentence investigation report. *See id.* at 89-90.

On January 8, 2025, Appellant was sentenced to six months of probation for his DUI conviction and fines and court fees for his summary offense convictions. *See* N.T. Sentencing Hearing, 1/8/25, at 2-3; Order of Sentence,

1/8/25, at 1-2. Appellant timely filed a post-sentence motion, challenging the weight and sufficiency of the trial evidence, which the trial court denied. **See** Post-Sentencing Motion, 1/10/25, ¶¶ 3-4; Order and Opinion (denying post-sentence motion), 4/1/25. Subsequently, Appellant filed a timely notice of appeal, and he and the court complied with Pennsylvania Rule of Appellate Procedure 1925. **See** Notice of Appeal, 4/21/25, at 2; Concise Statement of Matters Complained Upon Appeal, 4/30/25; Rule 1925(b) Opinion, 5/19/25.[4]

Appellant raises the following questions for our review:

I. Whether the trial court's verdict was against the weight of the evidence[,] as no evidence was provided to show that [Appellant] was incapable of safe driving[?]

II. Whether the trial court's verdict was sufficient to support the conviction in light of the fact that there was no evidence that [Appellant] was incapable of safe driving[?]

III. Whether the trial court erred by denying the pre-trial [m]otion to [s]uppress based upon the lack of probable cause to initiate the traffic stop[?]

Appellant's Brief at 6.

First, we will address Appellant's sufficiency issue as a grant of relief on that claim negates any remand on the remaining claims presented. **See**

---

[4] Three different judges presided over the various proceedings which included the suppression hearing, the trial, the sentencing hearing, and the denial of Appellant's post-sentence motion. **See** Appellant's Brief at 8. The Rule 1925(b) opinion prepared by the trial judge incorporated the order and opinion of the suppression court and the order and opinion of post-sentence court. **See** Rule 1925(b) Opinion, 5/19/25, at 3; **see also** Order and Opinion (denying motion to suppress), 5/6/24; Order and Opinion (denying post-sentence motion), 4/1/25.

*Commonwealth v. Toritto*, 67 A.3d 29, 33 (Pa. Super. 2013) (en banc) ("Because a successful sufficiency of the evidence claim warrants discharge on the pertinent crime, we must address this issue first."). Appellant argues that since he refused blood alcohol testing, the only evidence the Commonwealth could provide to prove incapacity to drive is testimony about his driving. *See* Appellant's Brief at 19.

Our standard of review for a challenge to sufficiency of the evidence to sustain a criminal conviction is well-settled:

> We must determine whether the evidence at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless it is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mobley*, 14 A.3d 887, 889-90 (Pa. Super. 2011).

To sustain a conviction for DUI-general impairment, the Commonwealth must establish that the defendant was: (1) operating a motor vehicle; and (2) did so after imbibing a sufficient amount of alcohol such that he was rendered incapable of safely operating a vehicle. *See Commonwealth v. Clemens*,

242 A.3d 659, 665 (Pa. Super. 2020); 75 Pa.C.S. § 3802(a)(1). Our sufficiency standard of review applies equally where the Commonwealth's evidence is circumstantial. **See Commonwealth v. Patterson**, 180 A.3d 1217, 1229 (Pa. Super. 2018). In **Commonwealth v. Luberto**, our Court stated that, to sustain a conviction under 75 Pa.C.S. § 3802(a)(1), the Commonwealth may rely on the totality of the circumstances, including "[the defendant's] actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech." **Commonwealth v. Luberto**, 344 A.3d 41, 47 (Pa. Super. 2025) (quoting **Commonwealth v. Segida**, 985 A.2d 871, 879 (Pa. 2009)).

Appellant argues that he displayed no observable indications of intoxication while operating his car. **See** Appellant's Brief at 17. He suggests that Trooper Jenkins only testified about his behavior and attitude, in order to claim that he was incapable of safe driving. **See id.** He avers that the only evidence suggesting he was unfit to drive was his expired vehicle registration. **See id.** at 18. Therefore, he reasons that the trial court abused its discretion by overlooking the evidence presented and concluding that he was incapable of safe driving. **See id.** at 20. As a result, he asserts there was insufficient evidence to sustain his DUI conviction. **See id.** We disagree.

Upon review of the record, we agree with the trial court that the Commonwealth provided sufficient evidence to sustain Appellant's conviction

under Section 3802(a)(1). **See** Order and Opinion (denying post-sentence motion), 4/1/25, at 3-4; **Clemons**, **supra**. Trooper Jenkins observed Appellant's vehicle drift close to the curb before swerving back to the roadway, prompting a traffic stop after a record check revealed his expired vehicle registration. **See** N.T. Trial, 10/2/24, at 7-10. After Appellant failed to immediately stop, he stopped in the middle of the roadway. **See id.** at 14. Furthermore, Trooper Jenkins detected a strong odor of alcohol on Appellant and observed that he had glassy eyes and slurred speech. **See id.** at 16, 31; **Luberto**, **supra**. Appellant refused to have his blood drawn. **See** N.T. Trial, 10/2/24, at 28; **Mobley**, **supra**. Then, Appellant was unable to recall his own phone number, and exhibited confusion when troopers passed his parked vehicle, asking them to write down its location. **See id**. at 24, 29-31. During that ride, Appellant made erratic statements, inexplicably sang "God Bless America," and initially provided the troopers with an incorrect home address. **See** N.T. Trial, 10/2/24, at 30-31. Therefore, viewed in the most favorable light to the Commonwealth as the verdict winner, the evidence here supported the trial court's conclusion that Appellant was substantially impaired by alcohol and incapable of safe driving. **See** Opinion and Order (denying post-sentence motion), 4/1/25, at 4; 1925(b) Opinion, 5/19/25, at 2.

In his next issue, Appellant challenges the weight of evidence. **See** Appellant's Brief at 10. When reviewing the denial of a motion for a new trial based on the weight of the evidence, we apply the following standard of review:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa. Super. 2017) (citations omitted).

Any conflicts in the evidence or contradictions in testimony are exclusively for the fact-finder to resolve. *See Commonwealth v. Roane*, 204 A.3d 998, 1001 (Pa. Super. 2019). Our Court gives great deference to the trial court's decision regarding the weight of evidence because it had the opportunity to hear and see the evidence presented. *See Commonwealth v. Cramer*, 195 A.3d 594, 600 (Pa. Super. 2018). Furthermore, "[i]n order for a defendant to prevail on a challenge to the weight of evidence, the evidence must be so tenuous, vague[,] and uncertain that the verdict shocks the conscience of the court." *See Commonwealth v. Spence*, 290 A.3d 301, 311 (Pa. Super. 2023) (citation omitted).

Appellant avers that the verdict was against the weight of the evidence because the Commonwealth failed to present evidence that he was incapable of safe driving. *See* Appellant's Brief at 10. In doing so, Appellant relies on

the same reasoning as his argument for challenging the sufficiency of evidence. ***See id.*** at 17-18. He concludes that his guilty verdict for DUI was against the weight of the evidence and would shock a reasonable person's conscience, given the lack of substantiating evidence from the Commonwealth. ***See id.*** at 18-19.

Here, Appellant conflates weight and sufficiency of the evidence by addressing a lack of evidence, which is the focus of a sufficiency challenge, rather than assessing the credibility of the testimony presented by the Commonwealth, which is the focus of a weight challenge. ***See Commonwealth v. Widmer***, 744 A.2d 745, 751-53 (Pa. 2000) (explaining distinctions between claim challenging sufficiency of evidence and claim challenging weight of evidence). Appellant's entire argument for his weight claim is unavailing because a weight claim concedes that the Commonwealth presented sufficient evidence to warrant a conviction. ***See Commonwealth v. Juray***, 275 A.3d 1037, 1046 (Pa. Super. 2022). Therefore, Appellant's weight claim alleging the lack of evidence to sustain the DUI conviction is meritless. ***See Commonwealth v. Mead***, 326 A.3d 1006, 1012 (Pa. Super. 2024) (addressing Mead's claim that verdict was against the weight of the evidence as a challenge to the sufficiency of the evidence where Mead's argument was there was insufficient evidence to prove the elements of the offense).

Even if we construed Appellant's instant claim as a weight challenge, it still lacks merit. The trial court explained that, while Appellant's trial testimony

sought to explain his impairment, it is the sole discretion of the fact-finder to determine the credibility of witnesses and weight of evidence procedure. *See* Opinion and Order (denying post-sentence motion), 4/1/25, at 4; 1925(b) Opinion, 5/19/25, at 2. Accordingly, Appellant is not entitled to relief on his weight claim. *See Cramer*, *supra*.

In his final issue, Appellant argues that the suppression court erred by denying his motion to suppress based upon the lack of probable cause to initiate a traffic stop. *See* Appellant's Brief at 21. Our review of "a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010). Our Court is limited to reviewing "[o]nly the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress." *Commonwealth v. Harlan*, 208 A.3d 497, 499 (Pa. Super. 2019) (citation omitted). "It is within the suppression court's sole province as fact[-]finder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some[,] or none of the evidence presented at the suppression hearing." *Commonwealth v. Duke*, 208 A.3d 465, 470 (Pa. Super. 2019) (citation omitted). "This Court is bound by the suppression court's factual findings that are supported by the record, but we are not bound by its legal conclusions, which we review *de novo*." *Commonwealth v. Camacho*, 325 A.3d 685, 689 (Pa. Super. 2024).

- 11 -

Appellant argues that the troopers did not have probable cause for a traffic stop to be initiated. *See* Appellant's Brief at 23. Specifically, Appellant argues that the troopers were not on a special duty vehicle safety check, nor was he violating any traffic laws. *See* Appellant's Brief at 23. He contends that Trooper Jenkins testified that, although his driving was the initial reason for the stop, during the suppression hearing, Trooper Jenkins indicated that the reason for the stop was only the expired registration, not his driving. *See id.* Based on the testimony of the trooper at both the suppression hearing and at trial, Appellant concludes that the Commonwealth lacked probable cause to initiate the traffic stop and therefore all evidence found after the initiation of the stop must be suppressed. *See id.* at 24. Without that evidence, he argues the charges against him must be dismissed. *See id.* We disagree.

A police officer has the authority to stop a vehicle when he has reasonable suspicion that a violation of the Pennsylvania Vehicle Code has taken place, for the purpose of obtaining necessary information to enforce the provisions of the code. 75 Pa.C.S. § 6308(b). However, if the violation requires no additional investigation, the officer must have probable cause to initiate the stop. *See Commonwealth v. Spence*, 290 A.3d 301, 312 (Pa. Super. 2023); (citing *Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa. Super. 2010) (*en banc*)).

Upon review of the suppression hearing testimony, we agree with the court's finding that the car stop was properly conducted based on Appellant's violation of 75 Pa.C.S. § 1301(a), driving an unregistered vehicle, after some

observed careless driving.[5] **See** Order and Opinion (denying motion to suppress), 5/6/24, at 4-5. Trooper Jenkins testified that he initially observed Appellant's vehicle swerving outside its lane of travel and almost hit a curb. **See** N.T. Suppression Hearing, 3/27/24, at 4. As a result of these observations, Trooper Jenkins followed Appellant's vehicle and ran his registration. **See id.** Upon learning Appellant's vehicle registration expired almost four months prior, he initiated a traffic stop. **See id.** Accordingly, Trooper Jenkins had probable cause to stop Appellant's vehicle. **See Commonwealth v. Richards**, 238 A.3d 522, 527 (Pa. Super. 2020) (concluding that police had probable cause to conduct traffic stop upon discovering Richards' car was unregistered after the officer checked the registration status after observing Richards' failure to use a turn signal and the officer did not activate his lights and siren until he learned that the vehicle was unregistered). Therefore, Appellant's third claim is meritless.

Although Appellant does not raise any issue concerning the legality of his sentence, we note that the trial court found him **not guilty** of the summary offense of driving without a seatbelt, **see** N.T. Trial, 10/2/24, at 89; Order (verdict), 10/2/24, at 1, but nevertheless still sentenced him for that offense by ordering him to pay prosecution costs and a ten-dollar fine. **See** N.T.

---

[5] Section 1301(a) states: "No person shall drive or move[,] and no owner or motor carrier shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in this Commonwealth unless the vehicle is exempt from registration." 75 Pa.C.S. § 1301(a).

Sentencing Hearing, 1/8/25, at 3; Order of Sentence, 1/8/25, at 2. Because an illegal sentence may be corrected *sua sponte*, we must vacate the seatbelt offense sentence as illegal where it is not supported by a related guilty verdict. *See Commonwealth v. Wolfe*, 106 A.3d 800, 801 (Pa. Super. 2014) ("[A] challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*."). Since this correction does not disturb the trial court's sentencing scheme, no remand for resentencing is required. *See Commonwealth v. Thur*, 906 A.2d 552, 569-70 (Pa. Super. 2006) (explaining that an appellate court need not remand for resentencing when it can vacate illegal sentence without upsetting trial court's overall sentencing scheme). Accordingly, we vacate the portion of the judgment of sentence imposing a ten-dollar fine and court fines for the summary offense of driving without a seatbelt and affirm the judgment in all other respects.

Judgment of sentence with respect to "Count 4, Failure to Use Safety Belt," vacated. Judgment of sentence affirmed in all other respects. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE:  1/21/2026